## PARKER v. JOHNSTON.

### No. 23001.

District Court, N. D. California, S. D.
Oct. 26, 1939.

Fred McDonald, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondent.

WELSH, District Judge.

Petitioner was indicted on three counts in the Northern District of Florida for violation of the kidnapping laws of the United States involving the kidnapping and unlawful transportation in interstate commerce of one Fred Paul Watkins from Marianna, Florida, to a point near Whigham, Georgia. On May 6, 1936, petitioner pleaded guilty to the indictment and was sentenced to the Federal Penitentiary for a period of twenty years.

In his application for writ of habeas corpus to obtain his release from Alcatraz Penitentiary where he is now serving the sentence imposed upon him, petitioner alleges that he was without counsel at the time he entered his plea of guilty to the indictment; that he was not advised of his right to the assistance of counsel for his defense; and that, "being ignorant of law and of his constitutional rights, and bewildered and perplexed by the complexities of legal procedure, the petitioner was constrained and caused to plead guilty to the aforesaid indictment. * * *"

An accused who does not know, and is not advised of his constitutional right to the assistance of counsel for his defense, without cost to himself, and who chooses to plead guilty, not as a full realization and admission of guilt, but because of his belief that his only alternative is to stand trial without counsel; or who pleads guilty without fully understanding the nature of the charges against him or the elements of the offense for which he has been indicted, cannot be said, by reason of his plea of guilty, to have competently and intelligently waived his constitutional right to counsel if, had he been aware of his right, he would have availed himself of its benefits. For a plea of guilty, entered under a misapprehension of some such material fact, but for which it would not have been made, cannot be considered a free and voluntary admission of guilt and a waiver of all defenses.

But it must be remembered that the burden in a habeas corpus proceeding is upon the petitioner to prove that he was deprived of his constitutional right to the assistance of counsel. A plea of guilty, freely and voluntarily made, is an admission of guilt; and when made without counsel, the question is not so much whether the accused has competently and intelligently waived his right to counsel as whether he has, under such circumstances, any constitutional right to the assistance of counsel at all. Amendment VI of the Constitution of the United States, U.S.C.A., provides that in all criminal prosecutions, the accused shall enjoy the right "to have the Assistance of Counsel for his defense". If the accused is guilty of the crime of which he stands charged and so pleads, he does not need the assistance of counsel "for his defense" since in such case, he has no defense; and the want of the assistance of counsel does not deprive him of a constitutional right. It is only where a plea of guilty is not in fact a free and voluntary admission of guilt of the offense charged in the indictment that the question can arise whether one who pleads guilty without counsel has been deprived of his constitutional right to counsel for his defence. And the burden is upon the accused seeking release by habeas corpus from confinement under sentence imposed on him after plea of guilty, to prove that his plea was not a free and voluntary admission of guilt by showing that he did not know and was not advised of his constitutional right to counsel, and entered a plea of guilty either because he failed to fully understand the nature of the charge against him and the elements of the offense for which he was indicted, or because he believed that the only alternative was to go to trial without counsel, and so believing, chose rather to plead guilty; and would not otherwise have done so.

Can it be said that in the instant proceedings, petitioner has sustained his burden of proving that his plea of guilty to the indictment returned against him was not in fact a free and voluntary admission of guilt?

Incorporated as a part of respondent's return to the order to show cause issued herein is the record of the proceedings had against petitioner in the United States District Court for the Northern District of Florida terminating in his present confinement. It appears that on May 6, 1936, defendant was arraigned, the indictment was read to him and he entered a plea of guilty. The affidavit of N. B. Averett, Chief Deputy United States Marshal at the time of defendant's arraignment, shows that on the morning of May 6, 1936, the petitioner was in the custody of the Marshal's office at Pensacola, Florida, and that prior to his arraignment that morning, he requested affiant to contact an attorney for him; that

the affiant called three attorneys, each at petitioner's request, and that each attorney appeared at the Marshal's office and consulted with the petitioner, but none appeared in court on his behalf. Affidavits of the three attorneys are also on file. The affidavit of F. Churchill Mellen states that on May 6, 1936, he was a practicing attorney of Pensacola, Florida, and in response to a telephone call, went to the Marshal's office and consulted with petitioner; that affiant was informed the sum of $160 had been taken from petitioner and was in the custody of the Marshal; that the sole topic of conversation between affiant and petitioner was with reference to the amount of fee which affiant would charge to represent the petitioner; that the affiant asked for a fee amounting to less than the sum on deposit with the Marshal, but that the petitioner refused to agree to the amount demanded by the affiant and the conversation then ended. The affidavit of John Lewis Reese states that the affiant was, on May 6, 1936, a practicing attorney in Pensacola, Florida; that on that date, in answer to a telephone call, he went to the Marshal's office in Pensacola and talked with petitioner, Parker; "that said Parker told deponent that he would take care of himself in Court and that he would not need a lawyer in the criminal case as he intended to plead guilty * * * that the said Parker never requested him to represent him in the criminal case then pending against him, but on the contrary, was positive in stating that he would not need a lawyer for the reason that he intended to plead guilty." Affiant states that what Parker consulted him about was the matter of securing for him the money which was in the custody of the Marshal. The affidavit of A. Morley Darby states that he is a practicing attorney of Pensacola; that on the morning of May 6, 1936, he consulted with petitioner. "That during said consultation Homer Zeamon Parker made no request of deponent that he represent him in any criminal proceeding pending against him but the said Parker was principally concerned with obtaining the services of an attorney who would try to obtain from the United States Marshal approximately $160.00 in cash which had been taken from his person at the time of his arrest. That this deponent made no definite arrangements with him and was never engaged as counsel to represent him in any case but that the United States Marshal's office afforded this deponent full opportunity to consult with Homer Zeamon Parker and that if the said Homer Zeamon Parker had desired to consult with him in regard to the criminal cases pending against him he could have done so."

The affidavit of George Earl Hoffman, United States Attorney for the Northern District of Florida, states that the affiant talked with petitioner on May 6, 1936 before the latter's arraignment; that petitioner asked whether the indictment charging him with the offense of kidnapping contained any allegations that he had inflicted any injury on the person of his victim of the kidnapping and that the affiant advised him that there was no such allegation in the indictment; affiant then sets forth a conversation between him and petitioner in which certain details of the kidnapping were discussed; affiant then states that he asked petitioner if he was represented by counsel and that petitioner answered that he did not think it necessary because he was going to plead guilty; that when petitioner was arraigned, the "Court inquired of the defendant whether he understood what he was charged with. The defendant Parker stated to the Court that he did. Then the Court inquired in substance of the defendant with his knowledge of the charge against him did he desire to plead guilty, to which the defendant stated he did * * * and during my interview with him in the Marshal's office he stated that he was not represented by counsel, did not think counsel necessary, and that he understood the charge in the indictment and that he intended to plead guilty."

The evidence reviewed above shows clearly that the plea of guilty entered by petitioner was freely and voluntarily made, with full knowledge of the nature of the charges against him, and intended as an admission of guilt. It shows that although petitioner was not advised, and may not have known of his constitutional right to the assistance of counsel without cost to himself "for his defense", nevertheless, had he been so advised or had he known of this right, he still would have pleaded guilty. It shows that he was not in any degree induced to plead guilty by reason of ignorance of his constitutional right to counsel, nor by reason of any misunderstanding as to the nature of the charges against him. Under such circumstances, it cannot be said that petitioner was deprived of any constitutional right in the proceedings culminating in his present incarceration.

It is therefore ordered, adjudged and decreed that the Order to Show Cause why a Writ of Habeas Corpus should not issue herein be and the same is hereby discharged, and the Petition for Writ of Habeas Corpus herein be and the same is hereby denied.