**BURTON v. UNITED STATES.**

No. 8787.

United States Court of Appeals
District of Columbia.

Argued May 24, 1945.

Decided July 9, 1945.

Writ of Certiorari Denied Jan. 14, 1946.
See 66 S.Ct. 473.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

## PER CURIAM.

Appellant was convicted of murder in the second degree. The indictment charged murder in the first degree—a killing with deliberate and premeditated malice. Four points are argued for reversal of the judgment.

The first ground of appeal is an instruction given that the jury might return a verdict of murder in the first degree if they believed that the killing was committed while appellant was engaged in robbery. The court then defined the crime of robbery. It is argued that this instruction was improper because robbery was not charged in the indictment. There is no merit to this contention. The perpetration of a robbery, during which act a homicide is committed, legally takes the place of that premeditation to kill which is necessary for murder in the first degree.[1] And, "under an indictment in the common law form the prosecution may prove facts to bring the case within any of the provisions of the statute defining murder in the first degree".[2] It was held in State v. McGinnis [3] that it is proper, under an indictment which simply charges murder, to instruct the jury that, if the homicide was committed in an attempt to commit robbery, the defendant was guilty of murder in the first degree. And it is not error to give such instruction because the indictment tendered no such issue as robbery.

The second ground of appeal is the alleged incompetency of appellant's trial counsel. This is based on failure to object to certain testimony and failure to rebut certain evidence. The record affirmatively shows that the case was competently tried. These failures to object which are called to our attention can be defended on the ground that they were good trial strategy. But if this assumption were incorrect they would not be ground for reversal. There are few trials free from mistakes by counsel. After judgment and on appeal, errors in judgment as to the conduct of the defense are easy to point out. Here the appellant selected his counsel and made no objection to his conduct of the case during trial. Under such circumstances it is well settled that error in judgment, incompetency or mismanagement of the defense by counsel is generally not ground for a new trial.[4] This is not to deny that a defendant's rights may be so "flagrantly disregarded by counsel of his own choosing, and, as a consequence, justice so manifestly mis-

[1] Sloan v. State, 1915, 70 Fla. 163, 69 So. 871.

[2] People v. Sullivan, 1903, 173 N.Y. 122, 65 N.E. 989, 995, 63 L.R.A. 353, 93 Am.St.Rep. 582. The quotation is from the dissent but is not contra to the majority opinion on this point.

[3] 1900, 158 Mo. 105, 59 S.W. 83; State v. Johnson, 1887, 72 Iowa 393, 34 N.W. 177, 181.

[4] Sayre v. Commonwealth, 1922, 194 Ky. 338, 238 S.W. 737, 738, 24 A.L.R. 1017; State v. Dangelo, 1918, 182 Iowa 1253, 166 N.W. 587, 588; People v. Barnes, 1915, 270 Ill. 574, 110 N.E. 881; People v. Martin, 1920, 210 Mich. 139, 177 N.W. 193; Commonwealth v. Dascalakis, 1923, 246 Mass. 12, 140 N.E. 470 (counsel appointed by the court); Annotation 24 A.L.R. 1025.

carry",[5] that a new trial should be ordered. The record does not show that counsel could have rebutted the prosecution's evidence [6] or that the introduction of any of the evidence was prejudicial.

■ The third ground for reversal is that a statement made by a nurse was recorded by the police and was introduced in evidence. It was not objected to perhaps for the reason that the nurse who made the statement took the stand as a witness. Her testimony was substantially the same as the written statement. It is argued that the court on its own motion should have excluded the written statement. In the light of the witness's testimony the error was trifling and could not have been prejudicial.[7]

■ The last assignment of error is based on a statement of a police officer that defendant had failed to make a report to the police because of his record. The court directed the jury to disregard the statement. In addition counsel for appellant, using the same witness, brought out the fact that the record referred to was failure to settle hotel bills. The net effect was favorable to the defendant.

Affirmed.

---

[5] State v. Dangelo, supra note 4.

[6] Cf. People v. Barnes, 1915, 270 Ill. 574, 110 N.E. 881.

[7] Beach v. United States, 8 Cir., 1927, 19 F.2d 739, certiorari denied 276 U.S. 623, 48 S.Ct. 303, 72 L.Ed. 736; Martin v. United States, 1 Cir., 1932, 62 F.2d 215, certiorari denied 288 U.S. 617, 53 S.Ct. 506, 77 L.Ed. 990.