**FUTTERMAN v. UNITED STATES.**

**WEISFELD v. UNITED STATES.**

**MAIZEL v. UNITED STATES.**
Nos. 11516, 11517, 11518.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 28, 1952.

Decided Nov. 20, 1952.

T. Emmett McKenzie, Washington, D. C., with whom Oliver Wendell Holmes Hughes, Washington, D. C., was on the brief, for appellants. Domenic Tesauro, Chicago, Ill., also entered an appearance on behalf of the appellants.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and William Hitz, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellants were indicted for knowingly receiving stolen goods. Each pleaded not guilty and filed a motion to suppress evidence. Later, they withdrew these pleadings and filed pleas of guilty to one of the two counts of their indictments. After the imposition of sentences and the denial of motions to reduce, appellants replaced their counsel and filed motions for leave to withdraw their pleas of guilty under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., "to correct manifest injustice" [1]. These motions and supporting affidavits charged in substance that: (1) appellants did not know that the property which they were charged with receiving had been stolen; (2) crucial evidence was obtained by an illegal search and seizure; (3) appellants misunderstood their original counsel's exposition of the applicable law in regard to these defenses; and (4) appellants withdrew their pleas of not guilty upon his representations that because they had no prior criminal records the court would grant probation following a plea of guilty.

The Government filed a counter-affidavit by appellants' original counsel flatly denying these charges. After hearing on the matter, the motions were denied and these appeals followed from that action.

That appellants were accorded an eminently fair and thorough hearing on their charges is convincingly demonstrated by the record. They were given every opportunity to call their own witnesses and to fully cross-examine those called by the Government, including their original counsel and the United States probation officer who they alleged had been advised of their claim of innocence. And based upon that record, we are in complete agreement with

1. Fed.R.Crim.P. 32(d):
"A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

the trial judge that appellants were fully advised by "able and vigorous counsel" as well as by the court concerning the charges against them. As to counsel's representations concerning probation, they were clearly those of hope and not of promise. Thus appellants failed to prove that the withdrawals of their guilty pleas were necessary in order "to correct manifest injustice". The judgments rendered below are therefore

Affirmed.