**B. B. CARTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15467.**

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Rehearing Denied Aug. 12, 1955.

Mayfield & Durant, Dallas, Tex., Wentworth T. Durant, Earle B. Mayfield, Jr., Dallas, Tex., for appellant.

Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

PER CURIAM.

On January 17, 1951, appellant entered a plea of guilty to each count of an indictment in six counts charging an attempt to evade his and his wife's income taxes for the years 1944, 1946 and 1947. The total evasion for those years amounted to $30,677.88. He was sentenced to pay a fine of $10,000. In April, 1954, appellant filed a motion under Rule 32(d), Fed.Rules Crim.Proc., 18 U.S.C.A., to withdraw his plea of guilty entered January 17, 1951 on the ground that he was improperly advised and misrepresented by his counsel at the time of the entry of the plea.

The district court denied the motion, holding that at the time of entry of the plea Carter's counsel "rendered conscientious and capable service" and that Carter "understood and comprehended just what he was doing." [1] The court also

---

1. The opinion of the district court reads in part:

"It is true that Carter was not a lawyer or a banker or a college man, but he had business sense and understanding. According to the report which was submitted undeniedly at the time of his plea of guilty, he had taken large checks coming in to him and indorsed them over for payment of tracts of land so that there would be no trace of any record in his possession or perhaps in his bank's possession of his having received such money as a portion of income. And in this way large sums of money had escaped taxation. He understood how to do these things. He had built up a credit with his bank of some $300,000.00. He had

held that Carter waited until the statute of limitations barred further prosecution in the matter before filing his motion, appellant having contended in the district court that he was misrepresented by his lawyers not only in entering his plea of guilty but also in agreeing to prosecution by information rather than by indictment.

The record shows that Carter had two lawyers, both of whom were also accountants, representing him at the time he entered his plea of guilty. In addition, by some fortuitous but singularly suspicious circumstance, Carter received in the mail prior to entering his plea, the original copy of the Confidential Report of the Bureau of Internal Revenue, on which report his prosecution was based. This report contained all of the evidence on which the Government depended for conviction had Carter gone to trial.

After Carter pleaded guilty and paid his fine, he retained still a third lawyer to represent him in connection with his tax affairs. Carter's present counsel account for the fact that Carter's third lawyer did not seasonably move to withdraw Carter's plea of guilty by charging him with incompetence. Carter's present counsel also deny that they purposefully waited until the statute of limitations had run on the offenses charged before filing their motion to withdraw his plea of guilty, although it is a fact that the motion was filed within thirty days after the statute had run. After some apparent reservations about the matter, they do finally admit, however, in their reply brief filed after argument of the case on appeal, that their real purpose in attempting to set Carter's conviction

aside is to improve Carter's chance of obtaining a tax refund for the years in question.

■ The motion to withdraw plea of guilty under Rule 32(d) is directed to the sound discretion of the district court. Mitchell v. United States, 5 Cir., 179 F.2d 305. After sentence, it should be granted only "to correct manifest injustice."[2] Rule 32(d), Fed.R. Crim.P. We are unable to find that the district court here abused its discretion in refusing to grant the motion. On the contrary, we find in the record no proof of manifest injustice requiring the permission to withdraw the plea. Carter was better prepared to protect himself on arraignment, and more informed, than most defendants. He not only had two lawyers who, according to the district court, rendered "conscientious and capable service" but also a complete outline of the Government's evidence against him as contained in the Bureau of Internal Revenue's Confidential Report. He was certain a jury would convict him. So he pleaded guilty and threw himself on the mercy of the court. The court compassionately imposed only a fine where under the law and under the circumstances of the case a prison sentence as well could easily have been imposed. Now he asks this court to find that the district court abused its discretion in refusing to let him withdraw his plea of guilty so that he can plead the statute of limitations against further prosecution, or in the alternative, reclaim some of the taxes and penalties he has been required to pay.

We find no abuse of discretion.

Affirmed.

---

prospered. He argued long and understandingly with his counsel on the better course to pursue and finally agreed with them to enter a plea of guilty and throw himself upon the mercy of the Court."

**2.** Rule 32(d) reads:

"(d) Withdrawal of Plea of Guilty. A

motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."