Alphonzo **EDWARDS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 14172, 14175, 14176.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 16, 1957.

Decided May 9, 1958.

Mr. Al. Philip Kane, Washington, D. C. (appointed by this Court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant pled guilty to charges of robbery, and was sentenced to prison. Over a year later, he filed a motion for relief under 28 U.S.C. § 2255. A chronological statement of the facts helps to put this appeal in proper perspective:

Dec. 11, 1955—Arrested, confessed orally, later in writing, then hospitalized for narcotic withdrawal illness.[1]

Dec. 16, 1955—After release from hospital Edwards appeared before U. S. Commissioner; waived preliminary hearing.

Jan. 23, 1956—Indicted in three separate indictments (with a co-defendant) for three separate robberies.

Jan. 24, 1956—On defendant's request District Court appointed counsel.

Jan. 27, 1956—Not guilty plea entered.

Feb. 13, 1956—Not guilty plea withdrawn and guilty plea entered on advice and with assistance of counsel.

Mar. 16, 1956—Sentenced.

May 1, 1957—Moved to vacate sentence under § 2255. Later denied.

———————

The last described motion alleged (1) illegal arrest, (2) illegal questioning, (3) illegal search and seizure, and (4) ineffective assistance of counsel.[2] The motion was denied without a hearing, on the grounds it appeared conclusively from the record appellant was entitled to no relief. We granted leave to appeal in forma pauperis.

 Of the four allegations, only the latter, that of ineffective assistance of counsel, is in itself available for review on a § 2255 motion,[3] and the appeal burden is difficult. Mere improvident strategy, bad tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective assistance of counsel, unless taken as a whole the trial was a "mockery of justice."[4] The specific allegations here are that counsel met with appellant only once, and at that time told him "there is nothing I can do

1. If it be thought a man should not be questioned when ill, or drunk (see Mallory v. United States, 103 U.S.App.D.C. —, — F.2d —, it should also be remembered that the condition of the subject is indeed determined by questioning.

2. Appellant's motion also alleged that he was suffering from narcotics withdrawal symptoms at the time of arraignment, and was hence incompetent during that proceeding, and further alleged that the Commissioner knew this because he committed appellant to the hospital immediately following arraignment. The record shows that appellant was arrested and arraigned on December 16, 1955. However, appellant and the record appear to be in error. Present counsel discovered (after oral argument) that arrest took place on the 11th, and appellant was then hospitalized until the 16th, when he was arraigned and committed to jail. Thus we can assume there were no narcotics withdrawal symptoms at the time of arraignment, and we do not consider the matter further.

3. Taylor v. United States, 1955, 96 U.S. App.D.C. 379, 226 F.2d 337 (assistance of counsel); Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187 F.2d 192, certiorari denied 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358 (illegal detention and coerced confession); White v. United States, 1956, 98 U.S.App.D.C. 274, 235 F.2d 221 (illegal search and seizure); cf. Newman v. United States, 1950, 87 U.S.App.D.C. 419, 184 F.2d 275, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665 (illegal arrest).

4. Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325

for you," which, appellant alleges, "shows that counsel never considered weighting [sic] the facts in said case, nor due consideration for preparation for trial." Also, counsel "deluded" appellant into believing there was nothing to do but plead guilty, and that if he did not, other charges would be brought against him and appellant "would never be free again."

■ But there was much counsel might have done, appellant now tells us. Counsel might have argued the illegality of the arrest and might have moved to suppress evidence obtained by illegal search and seizure, and illegal confessions.[5] We agree that counsel might have done these things, and perhaps, guided by hindsight, other things; but we do not agree that failure to do so was such ineffective assistance of counsel as to warrant a new trial. But we need not rest our decision on this ground, for an even stronger ground is available.

■■ It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made,[6] even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law. A plea of guilty may not be withdrawn after sentence except to correct a "manifest injustice," [7] and we find it difficult to imagine how "manifest injustice" could be shown except by proof that the plea was not voluntarily or understandingly made,[8] or a showing that defendant was ignorant of his right to counsel.[9] Certainly ineffective assistance of counsel, as opposed to ignorance of the right to counsel, is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears

---

U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; see also Burton v. United States, 1945, 80 U.S.App.D.C. 208, 151 F.2d 17, certiorari denied 326 U.S. 789, 66 S.Ct. 473, 90 L. Ed. 479; Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, remanded on other grounds 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

5. The motion said nothing of confessions, but the brief argued that any confessions obtained were illegal because obtained before arraignment. Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. After oral argument it was discovered that the confessions had been obtained during the period of claimed incompetence, see note 2 *supra*, and so it was at least arguable that the confessions were inadmissible for this reason. We do not know whether trial counsel knew this when he advised the plea of guilty.

6. Fed.R.Crim.P. 11, 18 U.S.C. requires that the court not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge."

7. Fed.R.Crim.P. 32(d). See Futterman v. United States, 1952, 91 U.S.App.D.C. 331, 202 F.2d 185; Carter v. United States, 5 Cir., 1955, 224 F.2d 563, vacated 350 U.S. 928, 76 S.Ct. 301, 100 L. Ed. 811.

8. See Fed.R.Crim.P. 11, note 6 supra; Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Smith v. O'Grady, 1940, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; and compare Motley v. United States, 5 Cir., 1956, 230 F.2d 110, with Shelton v. United States, 5 Cir., 1957, 246 F.2d 571, reversed 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.

9. See Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Evans v. Rives, 1942, 75 U.S.App.D.C. 242, 126 F.2d 633; Parker v. Johnston, D.C.N.D. Cal.1939, 29 F.Supp. 829; cf. McNair v. United States, 1956, 98 U.S.App.D.C. 359, 235 F.2d 856, certiorari denied 352 U.S. 989, 77 S.Ct. 389, 1 L.Ed.2d 368.

on the issues of voluntariness and understanding.[10]

██ There seems to be little doubt that the plea of guilty was in the present case voluntary.[11] There is no allegation that appellant was induced to plead guilty by any conduct of the police, prosecutor or court, but only that his own counsel's "bad" advice induced him to plead guilty. This, however, does not itself make out involuntariness.[12] It seems likewise clear that the plea was understandingly made. It may be argued that a plea of guilty is not understandingly made when defendant is unaware of certain technical defenses which might very well make the prosecutor's job more difficult or even impossible were he put to his proof. However, we think "understandingly" refers merely to the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto,[13] rather than to dilatory or evidentiary defenses.[14] A refusal years after sentencing to give effect to the latter could scarcely be deemed "manifest injustice" within the meaning of Rule 32(d). Appellant does not try to say he did not do the act charged. He pleads only that, unknown to him, he *might* have been able to suppress the truth as to certain evidence of his crime, and thus, perhaps defeat justice. He cannot be heard to this end after a voluntary, knowing plea of guilty.

Affirmed.

BAZELON, Circuit Judge (dissenting).

Appellant's motion under 28 U.S.C. § 2255 alleged that his District Court appointed counsel had been ineffective in that the lawyer had met with him only once, had advised him to plead guilty because there was nothing he could do for him, and had neglected to move for suppression of certain evidence obtained by the police through an allegedly illegal search and seizure. The motion did not charge that the lawyer failed to seek suppression of the oral and written confessions.

Indeed, the record, as it reached us, contained no reference to those confessions.[1] In fact, the date of the arrest shown by the record was five days after the confessions. The record of proceedings before the United States Commissioner gives December 16, 1955, as the date of arrest. So does appellant's motion. So also do the briefs of both parties.

10. See Parker v. Johnston, D.C.N.D.Cal. 1939, 29 F.Supp. 829; cf. Hurst v. United States, 10 Cir., 1950, 180 F.2d 835.

11. A transcript taken at the time appellant pled guilty discloses that appellant's counsel stated in open court in the presence of appellant that he (counsel) had advised appellant of his right to a jury trial but that appellant desired to plead guilty to the charges; that the Clerk separately and formally asked appellant if he wished to withdraw his guilty plea, which appellant declined to do. Additionally, the Clerk asked appellant "Are you pleading guilty because you are guilty and for no other reason?" to which appellant replied "Yes, sir."

12. Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.

13. See Fed.R.Crim.P. 11, note 6, supra; Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Smith v. United States, 5 Cir., 1956, 238 F.2d 925.

14. See, e. g., United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L. Ed. 1388; and cf. Moore v. United States, 1957, 101 U.S.App.D.C. 412, 249 F.2d 504; United States v. O'Carter, D.C.S.D. Iowa 1949, 91 F.Supp. 544.

1. The Government's brief states: "The record fails to reflect that any confessions or admissions as to culpability in the crimes were obtained from appellant when questioned by the police."

After the argument, however, the attorney we appointed for appellant reported to us that he had found evidence in the files of the United States Commissioner that (1) the arrest had been made on December 11, 1955; (2) appellant had been placed in the District of Columbia General Hospital for five days for treatment of narcotic withdrawal symptoms, before being taken to the United States Commissioner; and (3) the police had questioned him before sending him to the hospital, obtaining from him first an oral confession and then a written one.

If it is true that the police obtained confessions from appellant by questioning him while he was suffering so severely from narcotic withdrawal symptoms as to require five days of hospital treatment before he could be brought before a committing magistrate, it would seem clear that such confessions would not be admissible in evidence.

With the confessions inadmissible, it could well be that the Government had no case against appellant. I am thus brought to ask: Did the lawyer appointed for appellant below advise him to plead guilty on the assumption that the Government had a strong case, without conducting the investigation which was conducted by our appointee? Or did he advise a guilty plea, despite knowledge of the circumstances of the confession? If he did either, his client was deprived of effective assistance of counsel. It thus seems plain to me that appellant is entitled to have his conviction set aside if the facts are as they are now reported to be. I would therefore vacate the order denying appellant's motion and remand the case to the District Court for a hearing.

To say that a hearing is unnecessary because the record shows appellant not to be entitled to relief, when we have reason to believe that the record does not reflect the true facts, raises form above substance and administrative convenience above justice.