UNITED STATES

v.

Lucius H. SHEFFIELD.

No. 1221–56.

United States District Court District of Columbia.

Dec. 2, 1959.

John W. Brennan, Washington, D. C., for petitioner-defendant.

William J. Cooney, Asst. U. S. Atty., Washington, D. C., for the United States.

YOUNGDAHL, District Judge.

 This cause came on for hearing on defendant's motion to withdraw his plea of guilty pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C. and to vacate and set aside the sentence imposed upon him in Criminal Case No. 1221–56, pursuant to 28 U.S.C. § 2255.[1]

On November 26, 1956, the defendant was indicted on three counts of housebreaking and three counts of petit larceny. D.C.Code, § 22–1801, and § 22–2202, as amended by the Act of June 29, 1953. On January 11, 1957, before Chief Judge Laws, the defendant pleaded guilty to each of the three housebreaking counts and on February 8, 1957, I imposed consecutive sentences of twenty months to six years on each of the counts.

On September 4, 1959, the defendant filed the instant motion, alleging that his plea of guilty was a result of the insistence of counsel and was entered at a time when the defendant was incompetent to understand the nature or significance of his plea; further, that he had not been effectively represented by counsel.

Specifically, the defendant alleged that he had "a mental history in connection with other such charges"; that he desired to enter a plea of not guilty by reason of insanity; that his counsel insisted on a plea of guilty and informed the defendant that the Court would have before it a presentence report which would reflect the defendant's mental condition. The defendant quoted from the transcript of proceedings before Judge Tamm on November 3, 1950, at which time sentence of two to six years was imposed in Criminal Case No. 1285–50 after the defendant pleaded guilty. The transcript and commitment in 1285–50 indicates that Judge Tamm recommended psychiatric treatment for the defendant.

The Court has appointed counsel to represent the defendant and has held a

1. The Court shall treat the defendant's papers as a motion pursuant to 28 U.S.C. § 2255 with reference to the sentence presently being served and as an application for relief in the nature of the common law writ of error *coram nobis* with reference to the two sentences not presently being served. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248, as explained in Thomas v. United States, D.C.Cir., 271 F.2d 500.

hearing and heard testimony from the defendant and his attorney at the time of his plea and sentencing.[2] At the hearing, the defendant testified that on January 11, 1957, he was fully aware he was pleading guilty and completely understood the proceedings before this Court when his sentence was imposed. His attorney denied he had "insisted" that the defendant plead guilty; rather, testified the attorney, the defendant desired to plead guilty; and further, he appeared perfectly normal.[3]

██ In the absence of evidence to justify a finding that the defendant was mentally incompetent either at the time of his guilty plea or sentencing, the Court is compelled to find the defendant was competent at these times and that the defendant entered his plea voluntarily and understandingly. See Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582. This finding disposes of the broad claim that defendant was denied the effective assistance of counsel. Edwards v. United States, 1958, 103 U.S. App.D.C. 152, 256 F.2d 707. And relief under Federal Rule of Criminal Procedure 32(d) is not warranted since there has been no showing that "manifest injustice" would result were the plea not permitted to be withdrawn. Futterman v. United States, 1952, 91 U.S.App.D.C. 331, 202 F.2d 185.

It does appear that Judge Tamm recommended psychiatric treatment and further that the defendant requested, at the time I sentenced him, that he be given psychiatric treatment. The defendant testified that he has never received any psychiatric examination or treatment and that a psychiatrist at the prison told him the record did not reflect Judge Tamm's recommendation. The Court can see no harm in giving the defendant the examination (and treatment, if necessary) he so anxiously desires. It therefore is

communicating with the Director of Prisons to suggest that the defendant receive whatever psychiatric treatment is necessary.

An order denying defendant's motion will be entered.

---

2. See Bell v. United States, 9 Cir., 1959, 269 F.2d 419 (opinion by Bazelon, J.); Wells v. United States, 1956, 99 U.S. App.D.C. 310, 239 F.2d 931; Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717.

3. There was an express waiver by the defendant of the attorney-client privilege. Cf. Gunther v. United States, 1956, 97 U.S.App.D.C. 254, 230 F.2d 222.