Willie Charles JONES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16662.

United States Court of Appeals
Ninth Circuit.

June 7, 1960.

Rehearing Denied Aug. 5, 1960.

Willie Charles Jones, in pro. per.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Loyd W. Reed, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

Willie Charles Jones, already under an eight year sentence (February 10, 1958, No. 26245–CD, Southern District of California) for sale of narcotics, 21 U.S.C.A. § 174, pleaded guilty to a similar offense on February 25, 1958. On March 3, 1958, he was sentenced for a term of fifteen years, to run concurrently with the eight year sentence already imposed.

On May 22, 1959, Jones moved the District Court for an order vacating the second sentence upon the ground that his plea of guilty was not voluntary for the reason that he had been promised both by his attorney and by a representative of the United States Narcotics Bureau

that, if he pleaded guilty, no further time would be added to the sentence already imposed, while, if he pleaded not guilty, a substantial addition to that sentence would be made.

On June 22, 1959, this motion was heard by the District Court. Jones was present personally, brought to the hearing from McNeil Island Penitentiary, and was represented by court-appointed counsel. Five witnesses, in addition to Jones, were heard by the court. It concluded that the plea was voluntary and denied the motion.

█ This appeal was then taken by Jones from the order of the District Court. Jones appears in forma pauperis and has requested that counsel be appointed to represent him. We do not see how the appointment of counsel can be of assistance either to Jones or to this Court. Accordingly, his request is denied.

█ The motion below would appear from the moving papers to have been made under 28 U.S.C. § 2255. The United States asserts that collateral attack upon a sentence under this section cannot be made unless the defendant otherwise is entitled to release; that since appellant under an earlier judgment is currently serving a concededly valid sentence, his present attack does not look to release. The United States contends therefore that the District Court was without jurisdiction to entertain this motion on the merits. In this respect, the United States relies upon Miller v. United States, 9 Cir., 1958, 256 F.2d 501; Toliver v. United States, 9 Cir., 1957, 249 F.2d 804; Hoffman v. United States, 9 Cir., 1957, 244 F.2d 378; Williams v. United States, 9 Cir., 1956, 236 F.2d 894, certiorari denied 352 U.S. 982, 77 S.Ct. 384, 1 L.Ed.2d 365. We note also Heflin v. United States, 1959, 358 U.S. 415, 79 S. Ct. 451, 3 L.Ed.2d 407.

What appellant in effect seeks by his motion and his attack upon his sentence is a setting aside of his conviction and permission to withdraw his plea of guilty, due to the circumstances under which it was entered. Rule 32(d), Federal Rules of Criminal Procedure, 18 U. S.C., provides:

" * * * to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

In our view, appellant's motion should be regarded as falling within this section. Cf. United States v. Morgan, 1954, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248; May v. United States, 9 Cir., 1958, 261 F.2d 629, 630, certiorari denied 359 U.S. 994, 79 S.Ct. 1128, 3 L.Ed.2d 982; Application of Dinerstein, 9 Cir., 1958, 258 F.2d 609, 610-611; Thomas v. United States, D.C.Cir., 1959, 271 F.2d 500, 503-504. The District Court then properly entertained the motion upon the merits. See, Georges v. United States, 5 Cir., 1959, 262 F.2d 426; United States v. Parrino, 2 Cir., 1954, 212 F.2d 919, certiorari denied 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663; Futterman v. United States, 1952, 91 U.S.App.D.C. 331, 202 F. 2d 185. Compare, Thomas v. United States, D.C.Cir., 1959, 271 F.2d 500; Shelton v. United States, 5 Cir., 1957, 242 F.2d 101, reversed on other grounds, 5 Cir., 246 F.2d 571, (en banc) reversed on other grounds, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.

Witnesses at the hearing (in addition to appellant and his wife) included the attorney who had represented appellant at the time his plea was entered, the attorney who had represented the United States at the time the plea was entered, a federal narcotics agent who had questioned appellant and a deputy sheriff for Los Angeles County. All denied having made any promises to appellant respecting sentence or having urged a plea of guilty upon him. See, United States v. Parrino, 2 Cir., 1954, 212 F.2d 919; Futterman v. United States, 1952, 91 U. S.App.D.C. 331, 202 F.2d 185.

The testimony of the attorney for appellant was to the effect that, to the best of his recollection, he had advised appellant that, if he pleaded guilty, it was probable that the sentence would be or-

dered to run concurrently with the sentence appellant was then serving, since the two crimes were so closely related in point of time; that he had advised also that there was a probability that a plea of not guilty would bring him to trial before a judge inclined to greater severity in imposing sentence; that he had made no promises; that he had merely discussed probabilities.

■ The District Court found as facts that appellant was not "coerced or pressured into entering a plea of guilty;" that he had entered his plea of guilty freely and voluntarily and after being adequately informed by counsel of his constitutional rights; that there was no collusion between counsel for defense and for prosecution; that no promises had been made to appellant respecting sentence. The record fully supports these findings.

Affirmed.