James E. **LOFLAND**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 22921.

United States Court of Appeals
Ninth Circuit.

May 29, 1969.

Rehearing Denied July 3, 1969.

James E. Lofland, pro se.

Wm. Matthew Byrne, U. S. Atty., Robert L. Brosio, Arnold G. Regardie, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and KILKENNY, District Judge.*

PER CURIAM:

Before us is an appeal by the appellant from an order of the district court, dismissing his petition for a writ of error coram nobis seeking to set aside a judgment of conviction on four counts of a five count indictment charging violations of 18 U.S.C. § 1343 [fraud by wire, radio or television], and 18 U.S.C. § 2315 [sale or receipt of stolen goods, securities, moneys, or fraudulent State tax stamps]. He was sentenced to a term of ten years on each of the counts, the sentences to run concurrently with each other and concurrently with a state sentence which he was then under obligation to serve. Trial was to the court sitting without a jury, at which appellant was represented by counsel of his own choosing.

On appeal to this Court the judgment of conviction was affirmed. 357 F.2d 472, 473 (9th Cir. 1966).

Thereafter appellant appealed to this Court from an order of the district court denying his motion made under 28 U.S.C. § 2255. In that motion appellant contended that his conviction should be set aside because he was without the assistance or services of counsel on his appeal from the judgment of conviction. The order of the district court denying his motion was affirmed. 390 F.2d 875 (9th Cir. 1968).

On his petition for writ of error coram nobis, petitioner alleged that his trial counsel was not given photostatic copies of certain government exhibits prior to the trial as ordered by the judge who presided over a pre-trial hearing, and that at the time of his trial before another judge, the court, in reliance upon the "fraudulent statement of the prosecutor" that no such order was ever made, erroneously admitted the exhibits over objections of petitioner's counsel. This, he alleged, resulted in a lack of due process since his attorney was not given an opportunity to become acquainted with such exhibits, and to prepare his defense thereto.

The official records fail to disclose any such order. Petitioner submitted, as part of his petition, a letter in which the pre-trial judge states:

"* * *, my reporter, was not present at the pretrial conference on December 22, 1964, and I doubt that there was a reporter at the hearing.

"Our notes show that I ordered the United States Attorney to furnish for inspection the documents he proposed to use on the Friday preceding the trial of the case."

The record before us on this appeal does not include complete reporter's transcript of the trial. It does contain what appears to be extracts therefrom showing that when the prosecutor offered in evidence the exhibits heretofore mentioned,

---

* Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

appellant's counsel objected to their admission on the ground that the prosecutor had failed to furnish defense counsel with photostatic copies of such documents as directed by a pretrial order, to which the prosecutor replied that the pretrial judge had made no such order, and thereupon the objections of appellant's counsel were overruled and the documents received in evidence.

Appellant contends that the allegedly false statement of the prosecutor operated to deprive him of due process of law, in that, his counsel had no opportunity to inspect the documents prior to the trial and prepare a defense thereto, and that the admission into evidence of such documents caused him to elect not to testify as a witness in his own behalf.

Appellant makes no contention that his counsel asked the trial judge for a recess to enable him to examine the documents before ruling on the prosecutor's motion to receive the documents in evidence, and there is nothing in the record to indicate that appellant's counsel asked for time to review the documents or for a continuance in order to properly prepare a defense, if he had felt that such was necessary. Neither is there anything in the record to indicate that the trial judge would not have granted such request if one had been made.

The same judge who presided at petitioner's trial presided at the hearing on petitioner's motion to vacate his sentence.

In the course of his order denying appellant's petition, he stated:

"It appeared to me at the time of the trial, and even from the partial transcript which accompanies the petition, that petitioner's counsel was well acquainted with the evidence and the exhibits and that his objections were purely technical. There has been no showing of any facts from which it would appear that the petitioner's case was prejudiced in any way."

The order of the district court is affirmed. See United States v. Edwards,

D.D.C.1957, 152 F.Supp. 179; affirmed, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958); cert. den. 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).