**William Thomas FOREHAND, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 70–C–53.**

United States District Court, W. D. Virginia, Danville Division.

Sept. 24, 1970.

William G. Davis, Asst. U. S. Atty., Roanoke, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case is before the court on a petition for a writ of habeas corpus filed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 2255.

On February 11, 1969, with the advice of his court-appointed attorney, the petitioner pleaded guilty in this court to the charge of interstate transportation of a motor vehicle knowing it to have been stolen. After close questioning as to his understanding of the charge and his knowledge of the possible consequences, the plea was accepted. The court heard evidence on the question of guilt and then imposed an indeterminate sentence under the Youth Corrections Act. Petitioner is now serving this sentence in the Federal Reformatory at Petersburg, Virginia.

Petitioner asks that this conviction be set aside. He alleges that he received ineffective assistance of counsel because his attorney advised him to plead guilty and did not explain all of his rights to him. Petitioner further alleges that he did not know what he was doing when he made his guilty plea.

■ Federal Rule of Criminal Procedure 32(d) provides that the court may permit a defendant to withdraw a plea of guilty after conviction in order to "correct manifest injustice." No other circumstances permitting withdrawal of a guilty plea after conviction are set forth. It is clear that no injustice has occurred in this case. Indeed, the petitioner does not now contend that he is innocent of the crime to which he has previously confessed his guilt.

While he was on the United States Court of Appeals for the District of Columbia Circuit, now Chief Justice Burger answered this type of allegation of incompetent counsel:

> Certainly ineffective assistance of counsel * * * is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding.
>
> There seems to be little doubt that the plea of guilty was in the present case voluntary. There is no allegation that appellant was induced to plead guilty by any conduct of the police, prosecutor or court, but only that his own counsel's 'bad' advice induced him to plead guilty. This, however, does not itself make out involuntariness. It seems likewise clear that the plea was understandingly made. It may be argued that a plea of guilty is not understandingly made when the defendant is unaware of certain technical defenses which might very well make the prosecutor's job more difficult or even impossible were he put to his proof. However, we think 'understandingly' refers merely to the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto, * * * (footnotes omitted).

Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

■ It is clear from a consideration of the trial record that the petitioner understood both the crime with which he was charged and the possible penalties

to that crime. The Assistant United States Attorney explained these points fully at the arraignment; the pertinent passage is quoted below.[1] The prosecuting attorney then explained to the defendant that he had an absolute right to plead not guilty and be tried by a jury before which the government would have the burden of proving his guilt beyond a reasonable doubt. The petitioner then made a plea of guilty which the court accepted after inquiring whether it was freely made.

It is clear that petitioner's complaints are entirely frivolous. Therefore, the petition for a writ of habeas corpus is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he must file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice shall state the following:

1) the party or parties taking the appeal;

2) the judgment, order or part thereof appealed from; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

**1.** MR. IRONS: * * *

This is an indictment which was returned here yesterday, February 10th, by the grand jury of the United States District Court for the Western District of Virginia, and it charges that on or about June the 26th of 1968, you, Mr. Forehand, transported in interstate commerce from Baltimore, Maryland, to Appomattox County, Virginia, a 1959 Chevrolet motor vehicle, that you knew that this motor vehicle was stolen, and that you violated the appropriate provisions of the laws of the United States. Particularly, I want to inquire, do you know the offense you are charged with?

DEFENDANT FOREHAND: Yes, sir.

MR. IRONS: Interstate transportation of a motor vehicle knowing it to have been stolen. All right.

The second thing I would like to advise you about is that the statute carries with it a maximum penalty, that is, the most punishment that you could get if you pled guilty or if you were found guilty, of a $5,000 fine, five years in prison, or both. That does not mean that you will get it, but it means that you could, if you were found guilty. Do you understand that?

DEFENDANT FOREHAND: Yes, sir.

MR. IRONS: I want also to advise you that because of your age, the Judge, in his discretion, if he felt that the facts justified such a conclusion, could impose a sentence under what is known as the Federal Youth Corrections Act, which could permit a maximum confinement of six years. In other words, if he went by the Youth Corrections Act, you could be exposed to a liability of six years. If he went under the statute, itself, you could be exposed to five years and $5,000. Do you understand that?

DEFENDANT FOREHAND: Yes, sir.