No. 23990.

JAMES EDWARD SIMMS *v.* THE PEOPLE OF THE STATE OF COLORADO.

(486 P.2d 22)

Decided June 21, 1971.

*In Department.*

Opinion by MR. JUSTICE DAY.

A SINGLE question is presented for review herein. Was it reversible error for the trial court to deny plaintiff in error's motion filed under Crim. P. 35(b) to vacate his sentence and re-arraign him on a charge of aggravated robbery?

The background is uncomplicated.

In June, 1967, the defendant (plaintiff in error) upon arraignment, with his court-appointed counsel present, pled "not guilty" and "not guilty by reason of insanity at the time of the alleged commission of the crime."

The trial court thereupon entered the usual order for observation and examination of the defendant. (In this case at the county jail.)

A psychiatrist appointed by the court made the examination and filed his report, finding the defendant legally sane at the time in question.

In October, 1967, counsel for defendant filed a motion, later denied, to restrain the People from proceeding

with a trial of the insanity issue under 1967 Supp. C.R.S., 1963, 39-8-1, which provided in pertinent part:

"(3)(a) Upon the making by the defendant of the plea of insanity at the time of the alleged commission of the crime, a jury shall be impaneled as in criminal proceedings and the issue of the defendant's sanity or insanity shall be decided by such jury in accordance with section 39-8-3. *The burden shall be on the defendant to prove by a preponderance of the evidence that he was insane at the time of the alleged commission of the crime.*" *Id.* (Emphasis added.)

In the subsequent case of *People v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968), this court held that the emphasized portions of the above statute violated Colo. Const. art. II, § 25, which provides: "No person shall be deprived of life, liberty, or property, without due process of law."

In January, 1968, the defendant moved the court for consent to withdraw his pleas previously entered and to enter a plea of guilty.

Before accepting the change in plea, the trial court interrogated the defendant at full length, his counsel being present, and explained the meaning of and possible punishment under a guilty plea if it should be entered. When the defendant persisted in his plea, it was accepted by the court and the defendant was sentenced to a term in the state penitentiary.

An evidentiary hearing on the Rule 35(b) motion was held on December 20, 1968, with trial counsel again present. At the hearing, the defendant testified that his mental condition was "just the same now, as what I was then" [entry of guilty plea], and that the idea of pleading guilty was "[M]y own; and Dr. Draper said what he said, my — myself I thought I'd plead guilty to it." He further testified that he did not realize that under the Constitution of Colorado, he had the right to require the People to prove his sanity beyond a reasonable doubt.

On cross-examination, the defendant admitted that he had committed the crime and that he had been previously found "sane" in two other sanity trials, and alleged that the only reason for his change in plea from not guilty and not guilty by reason of insanity to guilty was the report of the court-appointed psychiatrist that he was sane.

The trial court correctly found that the defendant's change of plea and admission of guilt was voluntarily and intelligently made. The fact that the statute dealing with the trial of the issue of insanity was declared unconstitutional does not affect the test of voluntariness. In a case in which the United States Supreme Court considered a similar question, Mr. Justice White, in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), spoke for a unanimous Court as follows:

"It is true that Brady's counsel advised him that § 1201(a) [Federal kidnapping statute] empowered the jury to impose the death penalty and that nine years later in United States v. Jackson, 390 U.S. 570 (1968), the Court held that the jury had no such power as long as the judge could impose only a lesser penalty if trial was to the court or there was a plea of guilty. *But these facts do not require us to set aside Brady's conviction.* * *.* The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. *Von Moltke v. Gillies*, 332 U.S. 708 (1948), *a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because*

*later judicial decisions indicate that the plea rested upon a faulty premise." Brady, supra,* at 756, 90 S.Ct. at 1473. (Emphasis added.)

██ This court has set forth the criterion warranting the granting of an application to withdraw a guilty plea as follows:

"To warrant the exercise of discretion favorable to a defendant concerning a change of plea, there must be some showing that justice will be subverted by a denial thereof, as where a defendant may have been surprised or influenced into a plea of guilty when he had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; or where it was made involuntarily for some reason. * * *" *Maes v. People,* 155 Colo. 570, 396 P.2d 457 (1964).

Here, the record is clear that the defendant's change of plea was based not upon the then constitutional uncertainty of the procedural aspects of the trial of insanity issues, but upon the report of the qualified psychiatrist that he was, in fact, sane, and upon his own knowledge of his state of mind when committing the crime.

"It may be argued that a plea of guilty is not understandingly made when defendant is unaware of certain technical defenses which might well make the prosecutor's job more difficult or even impossible were he put to his proof. However, we think 'understandingly' refers merely to the meaning of the charge, and what acts amount to being guilty of the charge, and to the consequences of pleading guilty thereto, rather than to dilatory or evidentiary defenses." *Edwards v. United States,* 256 F.2d 707 (D.C. Cir. 1958).

The judgment is affirmed.

MR. JUSTICE HODGES, CLIFFORD H. DARROW and MARVIN W. FOOTE, District Judges,* concur.

---

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.