Luther J. **GOAD** and Plutarcho C. Hill, Petitioners,

v.

Park J. **ANDERSON**, Warden, Oklahoma State Penitentiary, Respondent.

No. 73-196.

United States District Court, E. D. Oklahoma, Civil Division.

Aug. 20, 1973.

Petitioners, pro se.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER OF DISMISSAL

DAUGHERTY, District Judge.

Luther J. Goad and Plutarcho C. Hill have filed herein their Joint Petition For Writ Of Habeas Corpus. It appears therefrom that the Petitioners are confined in the Oklahoma State Penitentiary at McAlester, Oklahoma by virtue of a judgment of commitment imposed by the District Court of Pittsburg County, Oklahoma. In late 1947 Petitioners were charged in that Court with the crime of murder. After their preliminary hearing in October, 1947 the two attorneys who had represented them in that proceeding were permitted to withdraw by the Court. When the Petitioners appeared for their arraignment in the District Court on January 9, 1948 Senator M. O. Count was appointed to represent them. Thereafter the Petitioners entered their pleas of guilty and the Court on January 16, 1948 sentenced the Petitioners to life imprisonment. No direct appeal was perfected

by the Petitioners to the Court of Criminal Appeals; however, in 1972 they filed an Application For Post Conviction Relief in the District Court of Pittsburg County, Oklahoma. Their application was denied by the Court December 7, 1972. An appeal from this Order was then taken to the Court of Criminal Appeals which on January 4, 1973 affirmed the Trial Court's denial of post conviction relief.

The Petitioners contend that they are being held in custody unlawfully on the following grounds:

(a) "Late appointment of counsel

(b) Conflict of interest

(c) State Appellate Court denied post conviction action from District Court before notice of completion of record on appeal was served."

■ Any defects in Petitioners' post conviction proceedings in the State Courts would not render their detention unlawful but would be material only in the ccntext of exhaustion of State remedies. Under the circumstances alleged, the Court finds that the Petitioners have exhausted the remedies available to them in the Courts in the State of Oklahoma.

■ In explanation of the first grounds of relief the Petitioners allege that counsel was not appointed until the date of their arraignment. This fact alone would not establish the denial of effective assistance of counsel. Woodard v. Beto, 447 F.2d 103 (5 Cir. 1971) cert. den. 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275; O'Neal v. Smith, 431 F.2d 646 (5 Cir. 1970). See also United States v. Schroeder, 433 F.2d 846 (8 Cir. 1970) cert. den. Schroeder v. United States, 401 U.S. 943, 91 S.Ct. 951, 28 L. Ed.2d 224. The Constitution nowhere specifies any period of time which must intervene between the time counsel enters a case and the time of trial. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). Further, we are here dealing with pleas of guilty after an attorney had been appointed and the two accused had the opportunity to confer with him. The alleged denial of counsel during the time intervening between the preliminary hearing and the arraignment occurred prior to the entry of the guilty pleas and such deprivation of constitutional rights, if any, cannot be raised in this proceeding. Pollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, decided April 17, 1973. Under the rule of that case Petitioners, having plead guilty, may only attack the voluntary and intelligent character of their pleas by showing that the advice that they received from counsel was not within the range of competence demanded of attorneys in criminal cases. Petitioners do not contend that their pleas were not voluntary with full understanding of the nature of the charge and the consequences of their pleas. They do not allege any particular in which they were incompetently advised by their attorney. Their allegation that their attorney had a conflict of interest because their attorney was a State Senator and the political sponsor of the prison warden is too speculative and conclusory. The question of conflict of interest cannot be decided on the basis of mere speculation but it must appear that a conflict does in fact exist. Carlson v. Nelson, 443 F.2d 21 (9 Cir. 1971). Conclusory averments concerning counsel may be disregarded. Eskridge v. United States, 443 F.2d 440 (10 Cir. 1971).

■ The only required duty of counsel when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. Lamb v. Beto, 423 F.2d 85 (5 Cir. 1970). As Judge, now Chief Justice Burger, in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958) stated:

"It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself . . .. But this is not so

when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law." 256 F.2d at 709.

■ There are no factual allegations sufficient to demonstrate a breach of duty by counsel or that his advice was not within the range of competence required of him.

■ The Petition presents no disputed factual issue and on its face affirmatively shows that the Petitioners are not entitled to Federal Habeas Corpus Relief; therefore, an evidentiary hearing is not required. Boyd v. State of Oklahoma, 375 F.2d 481 (10 Cir. 1967).

Accordingly, the Petition For Writ Of Habeas Corpus will be dismissed.

It is so ordered.