**UNITED STATES of America ex rel. Thomas MARYANSKI**

**v.**

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2639.**

United States District Court
E. D. Pennsylvania.

July 6, 1964.

Richard L. Goerwitz, Jr., Philadelphia, Pa., for relator.

Gordon Gelfond, Asst. Dist. Atty., for respondent.

FREEDMAN, District Judge.

This is a habeas corpus application for relief against a state court sentence. On February 14, 1964, I filed a Memorandum Order stating that the petition was without merit. I stated that the one claim that might be of some merit, that relator was not represented by counsel at the time of sentence, "when scrutinized turns out to be disingenuous. Petitioner has, with a fine accuracy, not alleged the lack of counsel at the time of sentence, but merely the absence of 'trial' counsel. Thus he does not dispute the assertion that other counsel was present on his behalf at the time."

On March 9, 1964, relator filed a petition for rehearing wherein he explicitly averred that he was not represented

by *any* counsel at the time of sentence. In support of this he pointed out that the notes of testimony showed no representation or participation by counsel for him. He also averred that J. Barton Harrison, Esquire, who had been referred to in the District Attorney's answer as the counsel who had represented him at the time of sentence, was present in no other capacity than as a mere spectator and therefore could not possibly assert that he had acted on his behalf. Because of these allegations I entered an order on the respondent to make answer to the allegations in the petition for rehearing "in so far as they related to an alleged absence of counsel and the rights of the relator affected thereby".

The Commonwealth, by the District Attorney of Philadelphia, duly filed an answer. The answer contained a photostatic copy of a letter from J. Barton Harrison, Esquire, stating, inter alia, that he had reviewed the Maryanski file of the Defender Association and remembered the case, and asserting that he had appeared on behalf of Mr. Maryanski at the time of sentence.[1] The answer also contained an affidavit by Assistant District Attorney Specter, who had represented the Commonwealth at the time of sentence. The affidavit authenticated photostatic copies of notations which Mr. Specter had made on the District Attorney's file which indicated that Mr. Harrison had been present as relator's counsel at the time of sentence. On consideration of this answer I entered an order granting relator an opportunity to reply under oath to the allegations of fact contained therein. The relator duly answered, maintaining in great detail that Mr. Harrison had not represented him and had not spoken to him or to the Court on his behalf during the sentencing hearing.

In view of this factual conflict I ordered a hearing "limited to the factual question whether at the time of sentencing in the state court relator was represented by J. Barton Harrison, Esquire". I directed the District Attorney to arrange for the attendance at the hearing of Mr. Harrison and Assistant District Attorney Specter with their original records. Finally, so that relator's claim should be fully presented I appointed Richard L. Goerwitz, Jr., Esquire, to represent him at the hearing.

The hearing was duly held. The relator testified in person. Mr. Harrison and Mr. Specter were both called by the Court as its witnesses and were cross-examined by both parties.

I shall assume at the outset that under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the relator had a constitutional right to be represented by counsel at the time of sentence. The question that remains is whether he was in fact represented by counsel.

Relator concedes that Mr. Harrison was present at the sentencing hearing even though the notes of testimony do not reflect this fact. It is argued, however, that the relator did not know that Mr. Harrison was there to represent him and therefore necessarily did not consent to his doing so. Relator's case had been tried by another member of the Voluntary Defender's staff, Martin A. Heckscher, Esquire. Relator claims that when he was brought up for sentencing he expected Mr. Heckscher to appear for him but that instead Mr. Harrison, who was then unknown to him, stood at the bar of the court somewhat to one side and when asked if he was familiar with the relator's case said "no" and then took no further part in the sentencing proceeding. Relator claims also that Mr. Harrison had no conversation with him at any time.

Mr. Harrison's testimony was that because of Mr. Heckscher's unavailability he was assigned on the day before the sentencing hearing to substitute for him. Mr. Harrison took the file home, familiarized himself with it that night and next

---

1. Other matters stated in the letter need not here be referred to in view of Mr. Harrison's subsequent appearance as a witness.

morning appeared at the sentencing hearing. He did not remember having been asked by the judge, as the relator testified, whether he was familiar with the case, but he said that had such a question been put he certainly would not have answered in the negative, for he had reviewed the file the night before. He clearly remembered having attended the hearing on behalf of the relator, and he remembered asking the relator whether there was anything he wished him to say on his behalf, to which relator replied in the negative.

The notes of testimony do not record any inquiry by the judge to Mr. Harrison. They do show that the sentencing judge inquired of the relator whether he wished to say anything on his own behalf and that he replied in the negative.

 Assistant District Attorney Specter's notations on his office file, which was produced at the hearing, noted Mr. Harrison's presence as the Voluntary Defender at relator's sentencing. Mr. Specter testified that he would not have made such a notation simply because of an appearance by counsel at the bar of the court but that he would have done so only if Mr. Harrison had indicated that he was present on behalf of the relator. I accept the testimony of Mr. Harrison and Assistant District Attorney Specter as being true. I find that although relator had been expecting Mr. Heckscher to appear and represent him he knew at the time of sentencing that Mr. Harrison was there on his behalf and he consented to this representation.

I cannot escape the belief that relator's complaint has its origin in Mr. Harrison's decision to rely upon the clemency of the sentencing judge. I find that Mr. Harrison exercised a studied determination to say nothing because of the nature of the relator's offense and his belief from other experience with the sentencing judge that he would show the relator leniency. Considering the grave nature of the offenses of which the petitioner had been convicted,—incest, statutory rape and corrupting the morals of a minor child—and Mr.

Harrison's familiarity with the sentencing judge's general attitude toward sentences, it cannot be said that he failed to exercise a sensible judgment in remaining silent. It would be unfortunate indeed to require that counsel should speak even when his professional judgment leads him to believe that it is best to say nothing.

The burden was upon the relator to prove his claim that he was not represented by counsel. This burden of proof he has not met.

The Court expresses its thanks to Mr. Goerwitz for his able and conscientious services as counsel for relator.

### ORDER

And now, July 6, 1964, petition for rehearing sur writ of habeas corpus is denied.