UNITED STATES of America ex rel.
Ralph E. HUGHES

v.

Alfred T. RUNDLE, Superintendent, State
Correctional Institution, Graterford,
Pennsylvania.

Misc. No. M–4255.

United States District Court
E. D. Pennsylvania.

Feb. 10, 1969.

John H. Lewis, Jr., Philadelphia, Pa., for relator.

Arlen Specter, Dist. Atty., Philadelphia County, Philadelphia, Pa., for Alfred T. Rundle.

## OPINION

KRAFT, District Judge.

Relator, a state prisoner, seeks habeas corpus relief in this Court. He pre-viously applied for relief under Miscellaneous No. 3425, which we denied because of his failure to exhaust state remedies.

Thereafter, relator, represented by counsel, was afforded a full post-conviction hearing before the state court, which denied his application. This denial was affirmed by the Pennsylvania Superior Court and allocatur was denied by the State Supreme Court.

On April 8, 1948, relator represented by the voluntary defender, pleaded guilty before Judge Harry S. McDevitt to robbery and to operation of a motor vehicle without the consent of the owner. He was sentenced to a term of 10 to 20 years' imprisonment. After completion of his minimum sentence, relator was released on parole, which he violated. He was returned to prison as a parole violator to serve the remainder of his maximum sentence.

In his present petition, prepared by counsel, relator alleges the following grounds:

(a) The plea of guilty was induced by a coerced confession;

(b) The plea of guilty was predicated upon inadequate and ineffective advice by counsel;

(c) The trial court denied relator due process of law by failing to inquire whether or not the plea of guilty was a knowing and voluntary act;

(d) Relator was deprived of effective assistance of counsel.

We have carefully reviewed the notes of testimony of relator's criminal proceeding [1] and his post-conviction hearing transcript.

Relator claims that he was beaten by the police and forced to sign a false confession, which induced his guilty plea under fear of the introduction of the coerced confession at his trial.

1. See exhibit attached to Misc. No. 3425.

In the post-conviction hearing, relator testified that he was questioned by police for two and one-half hours after his arrest and was struck about seventeen blows by one of the detectives who interrogated him. Relator never advised an investigator from the defender's office of this claim when he was interviewed later at the prison. Moreover, he never mentioned to his attorney or to the court that he had been beaten by the police. We find these failures significant and give no credence to relator's present claim that he was beaten.

At the hearing following relator's plea, the arresting officer testified that he observed the relator operating the stolen car westbound on an eastbound street and that relator collided with a Ford truck. The officer stated that when he arrived at the scene of the collision, he requested the relator to exhibit his owner's card and driver's license. Relator replied that he had none and further stated "You got me. I stole the car." * * * "I held up a man and woman and took the car off of them and beat the man up." (n. t. pp. 3–4).

A detective who interrogated the relator testified that the relator admitted beating the complainant and the young lady who was with him. No mention was made of any written confession nor was any such confession read into the record.

The post-conviction hearing judge chose not to believe the relator and after careful scrutiny of the record we find that there was reasonable basis for the state court's refusal to accord any credibility to the relator's allegations.

■ Counsel for the relator, at the time of his plea in 1948, had represented over 2000 criminal defendants. He is now an eminent member of the bar who specializes in representing persons accused of crimes. Of course, the "issue is not counsel's reputation or his ability, but his stewardship of the challenged trial." Com. ex rel. Washington v. Maroney, 427 Pa. 599, 612, 235 A.2d 349, 356 (1967).

■ Relator testified at the state post-conviction hearing that he first met his trial counsel outside the courtroom on the day of his arraignment. He claimed that he then discussed the case with his attorney for two or three minutes. Relator alleges that his attorney told him to plead guilty and throw himself on the mercy of the court. The relator further testified that he was not guilty but simply pled guilty because his attorney advised him so to plead.

Upon these allegations, if true, the relator has made out a prima facie presumption of harm resulting from the lack of time for preparation by appointed counsel. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968). However, "the prima facie ineffectiveness or the inherent prejudice due to late appointment of counsel may properly be overcome *either* by evidence produced by the state in an evidentiary hearing showing that there was no prejudice *or* by adequate affirmative proof *otherwise* appearing in the record demonstrating that the appellant was not prejudiced." United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3 Cir. Jan. 22, 1969)

Counsel for the relator at his arraignment and plea recalled the instant case only after his examination of the notes of testimony refreshed his recollection. This is understandable in view of the almost twenty years that had elapsed since he represented the relator.

Relator's attorney testified that in a serious case of this type under no circumstances would he have told the relator, without further questioning, that he must plead guilty and throw himself upon the mercy of the court.

■ Based upon the prison interview with the representative of the defender's office, wherein the relator admitted that he had taken the complainant's vehicle and had a fight with him, counsel advised the relator to plead guilty. It was counsel's opinion that Judge McDevitt would not, in light of a guilty plea, give the relator the maximum sentence. The

fact that counsel was mistaken in his attempt to gauge the judgment of a judge does not establish that his advice was ill-considered or his representation ineffective. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958); cert. denied 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

Counsel testified that in every case he had handled as a voluntary defender he would question the defendant and satisfy himself independently that the man was guilty of the crime charged before he would advise him to enter a plea of guilty. He always advised his clients of their rights to a jury trial if they did not plead guilty and that an entry of a guilty plea was an admission of the crimes charged, and he further informed every client of the range of penalties involved for the offenses contained in the indictment.

Based upon a pattern pursued by Judge McDevitt of imposing long sentences in serious cases, counsel felt that an accused was likely to receive more consideration if he pled guilty. It was counsel's experience, as a voluntary defender, when a person was accused of a serious crime of the nature here involved, and Judge McDevitt was the presiding judge, that, under no circumstances, would a defender be allowed to appear, unless he had a file on the accused which he reviewed or some background information concerning the defendant upon which a guilty plea could be entered.

■■ In view of counsel's knowledge of Judge McDevitt's predilection for lengthy sentences in serious cases, it was not improper for counsel to advise the relator to plead guilty in this factual situation. The mere fact that counsel decided not to make a more lengthy plea for leniency does not warrant a finding that he was ineffective. It was the experience of this attorney, and others, before this judge that such arguments were a "waste of time." "It would be unfortunate indeed to require that counsel should speak even when his professional judgment leads him to believe that it is best to say nothing." United States ex rel. Maryanski v. Myers, 231 F.Supp. 522, 524 (E.D.Pa.1969).

■ It is manifest from the record that Judge McDevitt never made any inquiry of the relator as to the voluntariness of his guilty plea. However, we are satisfied that counsel explained to the relator the consequences of a guilty plea, the range of punishments involved and his right to a jury trial if he decided to plead not guilty.

■ Relator was nineteen years of age and had completed eight grades of schooling at the time of his conviction. There is no claim or evidence in the record that he was mentally deficient or illiterate at the time of his plea and sentence.

A fair and thorough reading of the record as a whole convinces this Court that the relator's testimony was unworthy of belief.

We conclude that his guilty plea was voluntarily made and "that there is 'adequate affirmative proof' to rebut the prima facie presumption of prejudice from the belated appointment of counsel." United States ex rel. Chambers v. Maroney, supra, 408 F.2d page 1195.

We find that the state court's post-conviction hearing was fair and complete and we accept the facts as found by that court. There is no need for a further hearing in this Court and the petition is denied. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

### ORDER

Now, this 10th day of February, 1969, it is ordered that the relator's petition for a writ of habeas corpus be, and it is, denied.

There is no probable cause for an appeal.