Gary Wendell **FRYAR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Kerma Sue Walters **FRYAR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

William Paul **FORD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 10120, 10122.

United States Court of Appeals Tenth Circuit.

Dec. 26, 1968.

Donald K. Bain, Denver, Colo., for appellant, Gary Wendell Fryar.

Michael V. Makaroff, Denver, Colo., for appellant, Kerma Sue Walters Fryar.

Andrew Wilcoxen, of Wilcoxen, Gephart, Lunn & Mayes, Muskogee, Okl., for appellant, William Paul Ford.

William J. Settle, Asst. U. S. Atty. (Bruce Green, U. S. Atty., was on the brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

Appellants were jointly tried and severally found guilty upon each count of a two-count indictment charging a conspiracy to rob and the substantive offense of robbing a federally insured bank at Vian, Oklahoma. 18 U.S.C. § 371; 18 U.S.C. § 2113(d). Each has taken a separate appeal, appellants Ford and Kerma Fryar individually contending the evidence to be insufficient to support conviction and the appellants Kerma Fryar and Gary Fryar contending that they were denied the effective assistance of counsel in violation of 18 U.S.C. § 3006A (b)[1] and the sixth amendment. The latter contention is premised on the fact that a single attorney was appointed to jointly represent the Fryars who are husband and wife. Appellant Ford was represented by separate counsel.

---

[1] "In every criminal case in which the defendant is charged with a felony or a misdemeanor, other than a petty offense, and appears without counsel, the United States commissioner or the court shall advise the defendant that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the defendant waives the appointment of counsel, the United States commissioner or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him. The United States commissioner or the court shall appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel, or when other good cause is shown. Counsel appointed by the United States commissioner or a judge of the district court shall be selected from a panel of attorneys designated or approved by the district court."

■ The evidence is clearly sufficient to support conviction. Eyewitnesses identified Ford, along with Mr. Fryar, as a participant in the actual armed robbery of the bank and other witnesses identified Mrs. Fryar as the driver of a switch getaway car. And a literal mass of other direct and circumstantial evidence points convincingly to the judgment of guilt and guilty association. Appellants' contentions in this aspect of the case are completely without merit.

The claim that the appellants Fryar were denied the effective assistance of counsel because they were jointly represented is made for the first time in this court. The record does not contain a report of proceedings at which counsel was appointed and we can premise our consideration only on the trial record and the bare fact that these appellants did not have separate counsel.

■ It has been clear since Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, that the sixth amendment is not violated by joint representation of codefendants unless a conflict of interest or prejudice results from such procedure. 18 U.S.C. § 3006A(b) codifies the duty of the trial court to appoint separate counsel when a conflict or other good cause appears but provides no guidelines for such a pre-trial determination. Other circuits in considering appropriate pre-trial procedures have reached varying conclusions. The Second Circuit in United States v. Paz-Sierra, 367 F.2d 930, cert. denied, 386 U.S. 935, 87 S.Ct. 962, 17 L.Ed.2d 807, noting the practical difficulty for a trial judge to determine the existence of a conflict of interest between codefendants without encroaching upon the fifth amendment, would place a heavy burden upon members of the Bar to decline representation upon their self-determination of potential conflict. The District of Columbia Circuit indicates that the trial judge should make an affirmative determination that the codefendants have intelligently and knowingly made a decision to be represented by a single attorney. Campbell v. United States, 122 U.S.App. D.C. 143, 352 F.2d 359. We suggest that in indigent cases cautious practice would frequently indicate the appointment of separate counsel and certainly in conspiracy cases where the very nature of the charge suggests the desirability of disassociation. The ability to predict a lack of conflict or prejudice from joint representation, as 18 U.S.C. § 3006A(b) presupposes to exist with commissioner and court, seems to us to be a rather shaky premise when constitutional rights may be involved. Nor can able counsel anticipate with complete accuracy the course that a criminal trial may take.

■ Although we have indicated the desirability of appointing separate counsel for indigent codefendants, failure so to do is not inherent error. Joint representation becomes improper only in those cases where prejudice results so as to deny to a defendant the effective assistance of counsel. Although it is clear that courts should not "indulge in nice calculations as to the amount of prejudice" that may occur with joint representation, *Glasser*, supra, 315 U.S. at 76, 62 S.Ct. at 467, still the appellate determination of the existence of prejudice, or its lack, has remained troublesome.[2] We deem the case at bar to be an exception for our review of the record indicates that the defense of the Fryars was completely without conflict and without a semblance of prejudice to either.

■ Appellate counsel recognize that the Fryars were ably and vigorously defended at the trial level and point to only two specifics (one each) in support of a claim of prejudice or conflict. Coun-

---

2. See Lollar v. United States, 126 U.S. App.D.C. 200, 376 F.2d 243, and cases cited, where that circuit adopted a standard that an "informed speculation" of prejudice would justify setting aside conviction. This court has set out no standard but has early held that a conviction was proper when the record contained nothing "from which it can be inferred" that prejudice existed from joint representation. Farris v. Hunter, 10 Cir., 144 F.2d 63, 65.

sel for Mrs. Fryar notes that numerically more objections to procedure and evidence were made in behalf of Mr. Fryar than Mrs. Fryar. We see no legal or actual significance to this observance. The main thrust of the government's evidence and proof was leveled at the actual robbery rather than events pertaining to the getaway. Counsel for Mr. Fryar asserts that Fryar's decision not to testify (both Ford and Mrs. Fryar did testify) might have been influenced by trial counsel's desire not to expose Mrs. Fryar to jury knowledge of her husband's criminal record. We would characterize this contention as subjective speculation in no way suggested by the record.

The cases are severally affirmed.