**Marvin C. MESCH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 10193.**

United States Court of Appeals
Tenth Circuit.

March 8, 1969.

Rehearing Denied April 11, 1969.

Jack I. Scheiman, Denver, Colo., for appellant.

Robert E. Long, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant was convicted of using the mails to defraud, substantive violations of 18 U.S.C. § 1341, and the convictions have this day been affirmed on appeal to this court. Mesch v. United States, 10 Cir., 407 F.2d 1286. Subsequent to conviction and during the pendency of the direct appeals, appellant filed a motion under 28 U.S.C. § 2255 to vacate his sentences and judgments alleging that he had not received the effective assistance of counsel at trial. By direction of this court, an evidentiary hearing on this supplementary claim was held by the trial court. Relief was denied, this appeal followed and was submitted to us along with the main appeals.

Appellant's single contention in the instant case is premised on the fact that his trial counsel also represented several of the codefendants, one of whom, Wagner, paid counsel for jointly serving them. Argumentative emphasis is also placed on the procedural fact that the trial court made no pretrial inquiry as to the possibility of a conflict of interest arising from joint representation or advise appellant of his right to separate counsel.

Appellant points to no trial incident and our review of the trial record reveals nothing from which it can be inferred that any semblance of prejudice resulted from joint representation. Appellant testified extensively in his own behalf; no conspiracy was charged among the defendants that might sug-

gest the desirability of a trial tactic of dissociation among defendants; and trial counsel is even now recognized by appellant as a "trial advocate of the highest caliber." We have had recent occasion to consider the principal authorities cited by appellant relating to the impact of the sixth amendment on joint representation of codefendants and thus have no need to again set out our views. See Fryar v. United States, 10 Cir., 404 F.2d 1071, dec. December 26, 1968.

Affirmed.