**UNITED STATES of America,**
**Appellee,**

v.

**Edwin Eugene WILLIAMS, Appellant.**

**No. 20112.**

United States Court of Appeals,
Eighth Circuit.

June 30, 1970.

---

Before MATTHES, HEANEY and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

Edwin Eugene Williams, appellant, pled guilty on May 13, 1969, in the United States District Court for the Western District of Missouri to two counts of an indictment charging him with the transportation in interstate commerce from Fort Madison, Iowa, to Green Castle, Missouri, of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, and with the subsequent sale of the vehicle in violation of 18 U.S.C. § 2313. A codefendant, Ronald Eugene Brinkley, pled guilty at the same time to identical Dyer Act charges. Each defendant was sentenced to imprisonment for 5 years and a fine of $5,000 on Count I and imprisonment for 3 years and a fine of $5,000 on Count II, the sentences to run consecutively.[1] After the district court denied appellant and Brinkley's timely post-sentence joint "Motion for New Trial," which we treat as an application to set aside the judgment and for leave to withdraw their pleas of guilty, appellant filed notice of appeal.[2]

The principal issue presented by appellant arises from his representation by court-appointed trial counsel. Appellant submits that, inasmuch as there were two defendants, the district court should have appointed two lawyers, one to represent him, the other to represent Brinkley. He reasons that since the district court was informed at arraignment that a conflict of interest *might* arise during the proceedings, the court was duty-bound to provide a lawyer for each defendant. Appellant projects this argument into a claim that he was deprived of assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States. We are not persuaded by appellant's argument and affirm.

Frank K. Nichols, St. Joseph, Mo., for appellant.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellee; Bert C. Hurn, U. S. Atty., Kansas City, Mo., on the brief.

1. By order of July 7, the district court set aside the fine and prison sentence of each defendant imposed on May 13 under Count II of the indictment.

2. Brinkley also filed a separate notice of appeal but the appeal has been abandoned by him.

In order to demonstrate the absence of merit in this appeal, we review the pertinent and undisputed facts. Appellant and his codefendant Brinkley, escapees from the Fort Madison, Iowa state prison, were apprehended on March 9, 1969, by a Missouri Highway Patrolman. The indictment above referred to was returned on April 8. An attorney was appointed to represent the two men jointly, and on April 16 they appeared for arraignment in the district court. The attorney informed the court that at the time of his appointment he had notified the United States Commissioner that "possible conflicts of interest might arise in the future," and he now felt that "it might be well if the Court would appoint an additional counsel for one or the other of these men." The seasoned trial judge, Honorable Richard M. Duncan, inquired into the question of a conflict of interest, and the attorney responded, "At this time, Your Honor, I know of no conflict but I am saying that the conflict may arise in the future." Seeking to determine if any conflict was reasonably foreseeable, the court asked, "Is there anything, any statements that come from [the defendants] that indicates a conflict of interest?", to which the attorney responded, "Not at the present time." Thereupon the court declined to appoint another attorney.

On May 13, the day set for trial, the defendants with counsel present entered a plea of guilty to all charges. The pleas were accepted after a particularly detailed and searching inquiry by the court into the voluntariness of the respective pleas and the strength of the facts supporting the government's case. Defendants were sentenced as noted earlier and the proceeding terminated.

■■ The appellant has not directed our attention to any actual or conjectural conflict between his interests and those of his codefendant. Appellant and Brinkley chose not to go to trial, so that the only record of the material facts supporting the Dyer. Act charges is the recitation on April 16 by the Assistant United States Attorney of the government's case against the two men. We are unable to glean from the government's synopsis any circumstances susceptible to a conflict-of-interest interpretation. In short, we are faced in this case with but a bald and conclusory statement, made by court-appointed counsel at arraignment, that a conflict of interest between two codefendants was a possibility *in futuro*. From this speculative assertion, appellant maintains that the district court committed prejudicial error in peremptorily denying appointment of separate counsel, without "inform[ing] the defendants of their right to have individual counsel, or indicat[ing] to defendant the dangers and problems existing for two defendants who are represented by the same attorney." We cannot ascribe reversible error to the district court's action.

In the leading case the Supreme Court observed that "the 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." Glasser v. United States, 315 U. S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942). See McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970). This salutary principle has been embodied in the Criminal Justice Act, 18 U.S.C. § 3006A(b): "The United States magistrate or the court shall appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel, or when other good cause is shown."

It has been firmly established that joint representation of codefendants is not *per se* violative of the Sixth Amendment. United States v. Youpee, 419 F. 2d 1340, 1345–1346 (9th Cir. 1969); Watkins v. Wilson, 408 F.2d 351, 352 (9th Cir. 1969); Curry v. Burke, 404 F.2d 65, 67 (7th Cir. 1968); Glavin v. United States, 396 F.2d 725, 727 (9th Cir.), cert. denied, 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968). Expressed another way, no reversible error is com-

mitted by the district court in assigning a single attorney to represent two or more codefendants in a pending criminal action, absent evidence of an actual conflict of interest or evidence pointing to a substantial possibility of a conflict of interest between the codefendants. Fryar v. United States, 404 F.2d 1071, 1073 (10th Cir. 1968), cert. denied, 395 U.S. 964, 89 S.Ct. 2109, 2110, 23 L.Ed.2d 751 (1969); Harris v. Stephens, 361 F.2d 888, 894 (8th Cir. 1966), cert. denied, 386 U.S. 964, 87 S.Ct. 1040, 18 L.Ed.2d 113 (1967); United States v. Dardi, 330 F.2d 316, 335 (2d Cir.), cert. denied, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50 (1964); United States v. Bentvena, 319 F.2d 916, 937 (2d Cir.), cert. denied, Ormento v. United States, Di Pietro v. United States, Fernandez v. United States, Panico v. United States, Galante v. United States, Loicano v. United States, Mancino v. United States, Sciremammano v. United States, Mirra v. United States, 375 U.S. 940, 84 S.Ct. 345, 346, 353, 354, 355, 360, 11 L.Ed.2d 271, 272 (1963). Where courts have found such evidence on the appellate record, they have not hesitated to direct a reversal for new trial. White v. United States, 396 F.2d 822 (5th Cir. 1968); United States v. Gougis, 374 F.2d 758 (7th Cir. 1967); Sawyer v. Brough, 358 F.2d 70 (4th Cir. 1966). See Morgan v. United States, 396 F.2d 110 (2d Cir. 1968).

As shown above, there is nothing pointing to an actual or a substantial possibility of a conflict of interest between appellant and his codefendant, Brinkley. We need go no further. A reversal here would be tantamount to a holding that joint representation is illegal *per se,* a result not mandated by the Sixth Amendment, *Glasser,* or its progeny.

Appellant's contention that the district court should have held an evidentiary hearing on his post-trial motion is utterly lacking in substance.

■ As an addendum, we caution the district courts to be ever vigilant in protecting the defendant's constitutional right to effective assistance of counsel.

Assignment of one attorney to represent two or more codefendants should never be made routinely or indiscriminately. To the contrary, where there are two or more defendants the trial judge should, before appointing the same attorney to represent them, conduct a careful inquiry and satisfy himself that no conflict of interest is likely to result and that the parties have no valid objection. This course is dictated because the possibility of a conflict of interest between two defendants always exists to some extent, even if it be only in regard to the manner in which their defense is presented. See Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970); Morgan v. United States, *supra* 396 F.2d at 114; Fryar v. United States, *supra* 404 F.2d at 1073.

The judgment is affirmed.