Dale Glennon WILSON, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 29733.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1970.

Dale G. Wilson, pro se.

John W. Stokes, Jr., U. S. Atty., J. Owen Forrester, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ This is an appeal from the district court's denial of appellant's motion to vacate judgment and sentence, pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant contends that he was denied effective assistance of counsel because only one attorney was appointed to represent both him and his co-defendant, even though he had a right to separate counsel since he was tried on a capital offense.[2]

■ We do not believe that the appellant was prejudiced by the joint representation. Not only has he failed to allege any facts which could reasonably be construed as a conflict of interest on the part of counsel, Fryar v. United States, 10th Cir. 1968, 404 F.2d 1071, but also the attorney was commended by both the trial court and this Court for his outstanding representation of the defendants.

■ Appellant also contends that his trial court erred in its failure to advise him of his right to separate counsel as a defendant to a capital offense. We find no merit in this contention since the trial court directed that the case be treated as a non-capital one. Moreover, at no time during the trial or on direct appeal, did the appellant object to the joint representation. See Lott v. United States, 5th Cir. 1955, 218 F.2d 675.

The judgment of the district court is affirmed.

Affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. We find it unnecessary to consider appellant's allegation that certain inculpatory statements made by him were improperly admitted in evidence. This Court has already rejected that contention on appellant's direct appeal. Wilson v. United States, 5th Cir. 1968, 398 F.2d 331, cert. denied 1969, 393 U.S. 1069, 89 S.Ct. 727, 21 L.Ed.2d 712.