502 F.2d 557
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray Michael BOUDREAUX and Henry Watson Jones, Jr.,
Defendants-Appellants.
No. 74-1721 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 11, 1974.
 
 Jack La Sonde, Atlanta, Ga. (Court-appointed), for defendants-appellants.
 John W. Stokes, Jr., U.S. Atty., Stanley M. Baum, Sherman D. Johnson, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ray Michael Boudreaux and Henry Watson Jones, Jr. were convicted by jury on a one-count indictment for bank robbery, in violation of 18 U.S.C. 2113(a). We affirm.
 
 
 2
 Both defendants were represented during their trial by assigned counsel. They assert the trial court erred in permitting them to be represented by a single counsel without first warning them of the possibility of a conflict between their defenses.
 
 
 3
 Defendants' counsel began his effort in defense of both defendants at their preliminary examination on November 29, 1973, almost two months prior to commencement of the jury trial and was officially appointed their attorney by the Court on December 14, 1973, for the trial which began on January 21, 1974. Neither the defendants nor their assigned counsel ever hinted at a possible conflict of interest in the court below.
 
 
 4
 The majority of the Circuits are in accord with this Court in holding that a trial court does not need to advise a degendant of the right to separate counsel in the event of a conflict of interest between co-defendants, where there was neither objection, claim, nor notice to the court of any alleged conflict between the interests of the defendants. Lott v. United States, 218 F.2d 675 (5th Cir. 1955), cert. denied, 351 U.S. 953, 76 S.Ct. 848, 100 L.Ed. 1477 (1956); see Wilson v. United States, 435 F.2d 162 (5th Cir. 1970); Morgan v. United States, 396 F.2d 110 (2d Cir. 1968); United States v. Paz-Sierra, 367 F.2d 930 (2d Cir. 1966), cert. denied, 386 U.S. 935, 87 S.Ct. 962, 17 L.Ed.2d 807 (1967); United States v. Luciano, 343 F.2d 172 (4th Cir.), cert. denied, 381 U.S. 945, 85 S.Ct. 1786, 14 L.Ed.2d 708 (1965); United States v. Bornstein, 447 F.2d 742 (7th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 88, 30 L.Ed.2d 91 (1971); United States v. Williams, 429 F.2d 158 (8th Cir.), cert. denied, 400 U.S. 947, 91 S.Ct. 255, 27 L.Ed.2d 253 (1970); United States v. Christopher, 488 F.2d 849 (9th Cir. 1973); Glavin v. United States, 396 F.2d 725 (9th Cir.), cert. denied, 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968); Fryar v. United States, 404 F.2d 1071 (10th Cir. 1968), cert. denied, 395 U.S. 964, 89 S.Ct. 2109, 23 L.Ed.2d 751 (1969). But see United States v. Foster, 469 F.2d 1 (1st Cir. 1972); United States ex rel. Hart v. Davenport, 478 F.2d 203 (3d Cir. 1973); United States v. Rispo, 470 F.2d 1099 (3d Cir. 1973); United States v. Rispo, 460 F.2d 965 (3d Cir. 1972); Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965).
 
 
 5
 This is unlike the situation in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), where Glasser was deprived of his right to assistance of counsel under the Sixth Amendment because the trial court over objection had required his counsel to represent a co-defendant with notice that their interests might be in conflict. Absent some notice that the right to effective counsel could be jeopardized by joint representation, the Court does not bear the responsibility of informing co-defendants of possible problems of joint representation.
 
 
 6
 In any event, a review of the proceedings below reveals no conflict in this case that would require separate counsel.
 
 
 7
 Defendants' second objection relates to the admissibility of certain articles of clothing which they were wearing when arrested by the police minutes after the robbery took place. They allege the items were not properly identified as being the items worn by the bank robbers. This evidence was properly admitted even though the three eye-witnesses to the robbery were not able to state definitely that the items of clothing were identical to those worn by the robbers. Whether the articles of clothing recovered from the defendants were the same as those worn by the bank robbers goes to the weight of the evidence rather than its admissibility. United States v. Poe,462 F.2d 195 (5th Cir. 1972), cert. denied, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973).
 
 
 8
 Defendants finally contend that their motion for acquittal should have been granted. Viewing the relevant evidence in the light most favorable to the Government, we find adequate and sufficient evidence to support the conclusion of the defendants' guilt beyond a reasonable doubt. United States v. Ducker, 491 F.2d 1190 (5th Cir. 1974).
 
 
 9
 Affirmed.