Autry Lee JONES, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 76–1868.

United States Court of Appeals,
Fifth Circuit.

March 31, 1977.

Michael H. Ellis, New Orleans, La. (Court-appointed), for petitioner-appellant.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Richard W. Vidrine, J. William Pucheau, Asst. Dist. Attys., Ville Platte, La., for respondent-appellee.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Petitioner Autry Lee Jones was convicted in the Thirteenth Judicial District Court for the Parish of Evangeline, State of Louisiana, of armed robbery and attempted murder upon his plea of guilty entered on April 7, 1969. He now appeals from the judgment of the District Court for the Western District of Louisiana denying, without an

evidentiary hearing, his 28 U.S.C.A. § 2254 habeas corpus petition. In that petition petitioner asserted that, because he had been denied the effective assistance of appointed counsel, he did not voluntarily and understandingly enter his plea of guilty.

Petitioner entered his plea prior to the rendition of the decision in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The state court held a habeas corpus evidentiary hearing, considered the merits of petitioner's claim, and denied relief. We look to this record to determine the merits of petitioner's claim.

■ At the state court hearing the trial judge resolved many credibility choices in favor of respondent and against petitioner. No error appears from this. *Colson v. Smith,* 438 F.2d 1075, 1081 (5th Cir. 1971). A review of the evidence in this light reveals that petitioner's court appointed counsel did not render him ineffective assistance.

On May 8, 1969, petitioner and codefendants Willie Allen, Marcel Clayton, and Charles Myles were brought to the county courthouse where immediately prior to their scheduled arraignment, they were met by their attorney, appointed that morning to advise them of their constitutional rights. All defendants were charged with armed robbery of a business and the shooting of a deputy sheriff.

The record reveals that their attorney had been a member of the bar since 1948. He had represented criminal defendants on both a retained and appointed basis on many occasions. Although their attorney spent only 20–30 minutes in privately and jointly advising the codefendants, it appears that he read and explained to them all their constitutional rights, the criminal statutes the violation of which they were charged, and the range of punishment which they could receive if convicted. While testifying that he did not investigate the specific facts of the case, nor consider filing evidentiary motions in their behalf, he did testify that he was aware of the general facts of the case. The attorney testified that all defendants expressed a

desire, indeed were anxious, to plead guilty. In view of their professed desire to plead guilty and their admissions to him that they were in fact guilty of the acts charged, their experienced counsel did not foresee any possible conflicts of interest arising out of the joint representation. The attorney testified that he did not consider the elements of the crimes charged to be complex and that all defendants were able to and did understand the elements of the crimes charged, and the consequences of guilty pleas.

The defendants, after consultation with their attorney, entered pleas of guilty. On a later date, with counsel present, each received a 20 year sentence on each count, to run concurrently.

On appeal Jones alleges that this Court should find that he was not afforded effective assistance of counsel, citing the following in support:

(1) That because the state trial judge only appointed counsel to advise defendants of their constitutional rights prior to the arraignment, this did not amount to representation of the defendants.

(2) That counsel failed to explore the possibility of a conflict of interest between the individual defendants which violated his ethical duty of unfettered representation of the petitioner.

(3) That counsel failed to investigate the specific facts of the case in search for potential defenses to the charges and failed to consider filing evidentiary motions such as motions to suppress.

(4) That the brevity of time spent in conference with his attorney vitiated petitioner's plea of guilty.

■ Although it has long been settled that the right to counsel is the right to effective counsel, *Powell v. State of Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it is essential to recognize the difference between the duty of counsel to a defendant who enters a guilty plea and the duty to one who goes to trial. This Court has frequently held that "the only required

duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel . . . should ascertain if the plea is entered voluntarily and knowingly." *Lamb v. Beto,* 423 F.2d 85, 87 (5th Cir. 1970); *Walker v. Caldwell,* 476 F.2d 213 (5th Cir. 1973); *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974).

More specifically in the case of *Walker v. Caldwell, supra,* this Court emphasized that, "[w]e do not hold that every appointed counsel representing an accused who desires to plead guilty or whom he advises to plead guilty, must investigate all the facts of the case, explore all possible avenues of defense, etc., to the extent required of appointed counsel representing an accused who pleads not guilty and goes to trial." 476 F.2d at 224.

■ Petitioner's contention that his counsel did not purport to represent him but only to inform him of his constitutional rights is not borne out by the record. Counsel in fact did represent petitioner, as shown above, and stated that if defendants had pleaded not guilty, he assumed he would have continued to represent them. At this early but critical stage of the prosecution, counsel fulfilled his duty to his clients concerning the entering of their pleas, the purpose of the arraignment.

■ In view of the expressed desire of all defendants to plead guilty, counsel did not feel the need to investigate any potential conflict of interest. All defendants had the same interest; i. e., to plead guilty. Petitioner has never asserted any factual basis from which a conflict of interest might arguably be said to arise. *United States v. Boudreaux,* 502 F.2d 557 (5th Cir. 1974).

In an opinion which has been favorably received in this Court[1], now Chief Justice Burger in the case of *Edwards v. United States,* 103 U.S.App.D.C. 152, 256 F.2d 707 (1958) rejected the assertion that the failure to search for potential defenses in the specific facts of the case and the failure to file pre-trial motions tainted a voluntary plea of guilty.

It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself . . . But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law.
256 F.2d at 709.

Disposing of the appellant's claim in *Edwards, supra,* that his plea was not intelligently given, the Court stated as follows:

It may be argued that a plea of guilty is not understandingly made when the defendant is unaware of certain technical defenses which might very well make the prosecutor's job more difficult or even impossible if he were put to his proof. However, we think "understandingly" refers merely to the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto, rather than to dilatory or evidentiary defenses.
256 F.2d at 710.

The voluntariness of the plea, other than the contention that it was not voluntarily given because it was not an informed plea, is not in issue. The plea was an informed one under the standard of *Edwards.*

■ The brevity of the time spent in consultation with counsel is only a factor to be considered in the totality of the circumstances which here, as in *Doughty v. Beto,* 396 F.2d 128, 130 (5th Cir. 1968), the Court will not allow to be overridden by a judicial stop watch. While the consultation here was not lengthy, the record shows that it was adequate to the situation confronting the petitioner and his counsel.

AFFIRMED.

1. *Lamb v. Beto, supra; Colson v. Smith, supra.*

**998**

JOHN R. BROWN, Chief Judge, dissenting:

I dissent from the majority's finding that the guilty plea was not vitiated by the inadequate assistance of Jones' counsel. I would hold that this case is governed by *Walker v. Caldwell,* 5 Cir. 1973, 476 F.2d 213, where we reversed due to the failure of the court appointed counsel to give the defendant an opportunity to engage in any meaningful sort of defense. A mere recitation of constitutional rights to a defendant is not adequate representation of counsel, indeed, the *Miranda* warning accomplishes as much. The attorney in this case represented all four defendants and the record indicates that in only 20 to 30 minutes he advised them of their rights, and the elements of the offenses charged, discerned that not one of them had a defense and that the state's case was not weak against any of them. It is just this sort of rubber stamp representation that *Walker* was meant to alleviate.