**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Helen JOHNSON, Defendant-Appellant.**

No. 77–5448
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 8, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Hirsch Friedman, Atlanta, Ga., for defendant-appellant.

Helen Johnson, pro se.

William L. Harper, U. S. Atty., Dorothy Y. Kirkley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant, Helen Johnson, appeals from a judgment of conviction entered on July 15, 1977, in the United States District Court for the Northern District of Georgia, after a two day jury trial.

The indictment charged Appellant, her husband Cleophus Johnson, Eugene Mathis, Warren Bell and Allen Dye, in thirty counts, with: forging and uttering United States Treasury checks, in violation of Title 18, United States Code, Section 495; possession of stolen mail, in violation of Title 18, United States Code, Section 1708; and conspiring to violate Sections 495 and 1708, in violation of Title 18, United States Code, Section 371.

On January 10, 1977, Appellant and Cleophus Johnson appeared before a United States Magistrate. At that time the Magistrate appointed an attorney under Title 18, United States Code, Section 3006A to represent Cleophus Johnson. Subsequently Appellant retained the same attorney to represent her. Prior to trial Eugene Mathis, Warren Bell and Allen Dye pleaded guilty. At the trial of Appellant and Cleophus Johnson the government proved by overwhelming evidence, which we need not detail here, that Appellant was a dominant member of this criminal scheme to steal and cash United States Treasury checks. The jury returned guilty verdicts with respect to Appellant on all counts of the indictment in which she was named as a defendant. With respect to Cleophus Johnson, the jury returned a guilty verdict on all counts of the indictment in which he was named as a defendant except two; on those two counts the jury returned not guilty verdicts.

Appellant was sentenced to three years and a fifteen thousand dollar fine on count one. She was sentenced to three years on each of the remaining counts, the sentences to run concurrently, with execution of the sentence suspended; and Appellant was placed on five years probation consecutive to the sentence imposed on count one.

Appellant contends, through new counsel on appeal, that she was denied ef-

fective assistance of counsel because she was represented at trial by the same attorney as was her husband Cleophus Johnson who has not appealed. This contention is without merit. Appellant retained her trial attorney after he was appointed to represent her husband. Neither Appellant nor Cleophus Johnson nor their trial attorney ever claimed, at any time during the proceedings below, that there was a conflict of interest. Moreover, the record demonstrates that there was no actual conflict.

*Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), established that joint representation of co-defendants with conflicting interests by the same trial attorney may constitute a denial of effective assistance of counsel within the meaning of the Sixth Amendment to the Constitution. However, a conflict of interest is not to be presumed merely from the fact of dual representation. *United States v. Fannon,* 491 F.2d 129, 132 (5th Cir.), *cert. denied,* 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286 (1974); *Baker v. Wainwright,* 422 F.2d 145 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2243, 26 L.Ed.2d 794 (1970). Such a claim must be supported by a showing of some prejudice resulting from an actual, not purely speculative, conflict. *United States v. Huntley,* 535 F.2d 1400, 1406 (5th Cir. 1976); *Foxworth v. Wainwright,* 516 F.2d 1072, 1077 n. 7 (5th Cir. 1975); *United States v. Fannon, supra; Baker v. Wainwright, supra,* 422 F.2d at 148.

Appellant does not, as indeed she cannot, demonstrate any prejudice resulting from actual conflicts in the defense of both Appellant and Cleophus Johnson by the same trial attorney. Appellant charges that prejudice probably resulted because Cleophus Johnson's confession was admitted in evidence, they are husband and wife, her husband admitted placing stolen checks into their joint bank account, and because of the danger of an inference of guilt by association. The defendants' trial attorney made a motion to suppress the confession of Cleo-

phus Johnson which was overruled following the *Jackson v. Denno*[1] hearing. Likewise, Appellant's statements were found to have been given voluntarily. Nothing could have been gained by separate representation because all the statements of both defendants would have undoubtedly been admitted and separate representation could not have changed the result. Moreover, both defendants testified and claimed that neither knew the checks were stolen. Indeed, neither in his testimony nor in his written statements did Cleophus Johnson suggest that his wife was guilty or had any guilty knowledge. The fact that the checks were deposited into the Johnsons' joint checking account was undisputed and established independently by the records of their bank. Thus, with respect to Cleophus Johnson's confession, Appellant suffered no prejudice as a result of the joint representation.

There is not a *per se* rule that the joint representation of a husband and wife is constitutionally inadequate. In *United States v. Pinc,* 452 F.2d 507 (5th Cir. 1971), this Court did find that the joint representation of a husband and wife, under the particular facts of the case, required reversal. In *Pinc* the attorney's joint representation prevented him from calling the wife as a witness to exculpate her husband. Moreover, the attorney objected to the joint representation and requested a mistrial. This Court required that an actual conflict be demonstrated and it was. *See also Baker v. Wainwright, supra; Fryar v. United States,* 404 F.2d 1071 (10th Cir. 1968), *cert. denied,* 395 U.S. 964, 89 S.Ct. 2109, 23 L.Ed.2d 751 (1969). A *per se* rule for the joint trial of a husband and wife is not logical. Ordinarily, when a husband and wife are tried together the defenses would be consistent rather than conflicting. Where the defenses are not conflicting, a unified position, with a single attorney, may give more weight to the defense theory, rather than less.[2]

The appropriate test in this, as in every case of joint representation, is that:

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

2. Appellant's suggestion that one jointly-represented spouse's interest may be overborne by the other, or that one may become a "martyr", at such a trial, is shown to be inapplicable by

. . . the requisite 'actual, significant' conflict of interest is present 'whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing.' *United States v. Huntley, supra,* 535 F.2d at 1406, *quoting, Foxworth v. Wainwright, supra,* 516 F.2d at 1076.[3]

Moreover, a defendant does not stand to gain unless the particular strategy or defense suggested is plausible. *Foxworth v. Wainwright, supra* at 1080. Appellant has pointed to no additional evidence which would have benefited her while damaging her husband. Nor does she suggest there are any plausible arguments to be advanced on her behalf. The jury was correct to conclude that there was no plausible defense for either defendant. This is not a close case such as *Glasser v. United States, supra,* where separate counsel may have made a difference. The government's substantial case was undisputed except by the defendants' own testimony which the jury found incredible. Both defendants were substantially impeached by their own prior statements and conduct. Even if she had blamed her husband, the evidence of her guilt, indeed of Appellant's primary role in the scheme, was overwhelming.

■ Since the record in this case amply demonstrates that Appellant was not denied effective assistance of counsel, the government does not contend and need not establish, that she waived that right. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), *Baker v. Wainwright, supra.* The district court was not required to advise Appellant of her right to separate counsel in the absence of any claim of a conflict of interest, objection to the joint representation or notice to the district court of an alleged conflict. *See United*

States v. Huntley, supra, 535 F.2d at 1406; *United States v. Boudreaux,* 502 F.2d 557, 558 (5th Cir. 1974); *United States v. Rubin,* 433 F.2d 442, 446 (5th Cir. 1970), *cert. denied,* 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228 (1971).

■ Appellant also argues that, in the particular circumstances of this case, it was error for the district court not to instruct the jury that Cleophus Johnson's confession, which he repudiated and which did not inculpate Appellant, was not to be considered against her.[4] She asserts that the prejudice to her resulting from her husband's confession was not vitiated by the jury charge. We disagree for four reasons.

First, it is true that the court did not charge specifically that Cleophus Johnson's confession could not be considered as evidence against Appellant. However, the district court said the same thing in a different way by instructing that "statements of any conspirator which are not in furtherance of the conspiracy or made before its existence *or after the termination may be considered as evidence only against the person making them.*" (emphasis supplied). This instruction applied to the statements made by both defendants on trial, and rendered any error harmless. *See United States v. Sims,* 434 F.2d 258, 260 (5th Cir. 1970).

Second, it is not fatal error for a district court to fail to instruct a jury that an item of evidence is admissible only against a particular defendant at a joint trial, in the absence of a request for such an instruction. *United States v. Piepgrass,* 425 F.2d 194, 201 (9th Cir. 1970); *United States v. Simon,* 425 F.2d 796 (2d Cir. 1969), *cert. denied,* 397 U.S. 1006, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970). *Cf. United States v. Alfonso,* 552 F.2d 605 (5th Cir. 1977). There was no request for a limiting instruction with re-

---

the transcript. *See People v. Ramsey,* 17 Cal. App.3d 731, 95 Cal.Rptr. 231 (1971).

**3.** Although the Appellant's trial attorney was appointed to represent the co-defendant husband, she retained him. Since we conclude that there was no constitutional conflict of interest, on these facts we need not determine "whether some additional showing is required

when an actual conflict exists in joint representation by retained counsel." *United States v. Huntley, supra,* 535 F.2d at 1406 n. 10.

**4.** Appellant alleges that "no charge was made as to the weight of the confession of Cleophus Johnson as it could effect [sic] the Appellant." Brief of Appellant at 7.

spect to Cleophus Johnson's confession in this case.

Third, the United States Supreme Court has held that where a co-defendant, testifying in his own defense, denies making an out-of-court statement implicating a defendant and testifies favorably to that defendant, that defendant has been denied no right protected by the Sixth Amendment. *Nelson v. O'Neil,* 402 U.S. 622, 629–30, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). We cannot countenance a contrary rule in a case, such as this, in which the out-of-court statement did *not* implicate the defendant.

Fourth and finally, such an instruction would have been unnecessary and inappropriate. The confession of Cleophus Johnson did not implicate his wife and could only have been considered as to his guilt. Also, throughout the instructions, the district court reiterated the principle that each defendant's case was to be decided separately.[5]

Therefore, the judgment of conviction is AFFIRMED.

---

5. The district court instructed:

You are to determine the innocence or guilt of each of the defendants totally separate and apart from the other.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.