Benny MURRAY *v.* STATE of Arkansas

CR 83-87                                 659 S.W.2d 944

Supreme Court of Arkansas
Opinion delivered November 7, 1983

*Jack T. Lassiter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant and his wife were initially convicted of the crimes of sale of marijuana and possession of marijuana with intent to deliver. We affirmed those convictions. *Murray & Langford* v. *State*, 275 Ark. 46, 628 S.W.2d 549 (1982). Subsequently, we granted leave for appellant to pursue a claim of post-conviction relief based upon the allegation of ineffective assistance of counsel. The circuit court heard the claim and denied relief. We affirm. Jurisdiction is in this Court pursuant to Rule 29 (1) (e).

Appellant's sole argument is that his Sixth Amendment right to effective counsel was violated because his attorney had a conflict of interest as a result of the dual representation of appellant and his wife.

Appellant's trial attorney, Lanny Solloway, had represented appellant and his wife in other criminal and civil matters for a period of four years. No conflict had surfaced during that time. Appellant and his wife both retained the attorney and both paid him out of a joint bank account. The attorney and appellant appeared at a hearing on December 17, 1980, and appellant mentioned no possible conflict. They conferred at other times and there was no mention of a conflict. At the May 5, 1981, trial there was direct and circumstantial proof that appellant, Ben Murray, was guilty of both the sale and possession of marijuana. It is set out in *Murray & Langford* v. *State*, 275 Ark. 46, 628 S.W.2d 549 (1982) as follows:

> That sale took place outside a motel. Several undercover officers participated in arranging the "buy." Lee Smith, a woman who was cooperating with the officers, telephoned Ben, who agreed to bring a bag of marihuana to room 241 at the motel in about 45 minutes. He duly appeared in a pickup truck with two women, got out of the truck, and knocked on the door of room 241. Lee Smith came to the door and went outside with Ben to complete the purchase. She testified that Bed said Bunny was driving the truck.

. . .

A purchase was arranged with the cooperation of Debra Patterson, who had previously lived in the mobile home with the defendants. Debra telephoned early that evening and arranged with Bunny that Debra would come out to pick up some jewelry she had left there and to buy a bag of marihuana. She then went to the mobile home accompanied by another woman, undercover officer Weaver. Each woman bought a bag of marihuana from Bunny, for $40 apiece. There was testimony that Bunny got the marihuana by going to the couple's bedroom, where Ben was then talking on the telephone. During the transaction Bunny told Ms. Weaver that if she bought drugs in quantity Ben might cut the price.

After the State put on the above proof and rested its case-in-chief, the appellant told his attorney that the whole drug operation was his wife's and not his. The appellant did not testify at the trial nor did he testify at the post-conviction hearing. During the trial there was neither objection, nor claim, nor notice to the court of any potential conflict. The alleged conflict was not mentioned until the post-conviction proceeding was commenced on December 20, 1982, over 17 months after the trial.

Joint representation does not inherently deprive a defendant of the effective assistance of counsel. *Glasser* v. *United States*, 315 U.S. 60 (1942). "Ordinarily, when a husband and wife are tried together the defenses would be consistent rather than conflicting. Where defenses are not conflicting, a unified position, with a single attorney, may give more weight to a defense theory, rather than less." *United States* v. *Johnson*, 569 F.2d 269 (5th Cir. 1978). When neither the defendant nor the attorney gives the trial court any notice of a conflict, the defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler* v. *United States*, 446 U.S. 335 (1980). Foreclosure of an alternate strategy or defense does not constitute the requisite "actual" conflict of interest unless the alternate defense is at least plausible. *United States* v. *Johnson, supra*. Also, some additional showing may be required to establish a constitutional violation in joint

representation by retained counsel. *United States* v. *Huntley*, 535 F.2d 1400, n. 10 at 1406 (5th Cir. 1976); *United States* v. *Johnson*, 569 F.2d 269, n. 3 at 272 (5th Cir. 1978). In the case at bar there was direct and circumstantial evidence of appellant's active participation in the crimes and the now suggested alternative strategy of appellant's taking the stand to blame all wrongdoing on his wife is not plausible. Since the alternative strategy was not plausible the conflict was not actual or significant. *United States* v. *Huntley, supra.* Appellant's refusal to testify at the post-conviction hearing is demonstrative of the soundness of our position for, even though he had the burden of proof, the appellant obviously did not want the alleged alternative strategy to be subjected to the scrutiny of cross-examination.

Even if the case presented an actual conflict the relief would be denied for yet another reason. The Sixth Amendment right to counsel may be knowingly, intentionally and voluntarily waived. Here appellant knew of the alleged conflict, intentionally did not disclose it and voluntarily proceeded with his retained counsel. "Appellant cannot now, after knowingly completing the trial with such counsel, urge that he was prejudiced." *United States* v. *James,* 505 F.2d 898 (5th Cir. 1975), quoting from *Nelson* v. *United States,* 415 F.2d 483 (5th Cir. 1969), cert. den. 396 U.S. 1069 (1970).

Affirmed.