IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20328
Summary Calendar
_____

MARVIN R. ANSLEY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
    CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-617
- - - - - - - - - -

June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

    Marvin R. Ansley (# 675445), a state prisoner, has appealed the dismissal of his petition for a writ of habeas corpus. Ansley has also moved to expedite the appeal. The motion is DENIED AS MOOT.

    The district court's order was based on findings made and conclusions reached after an evidentiary hearing. Accordingly, we review the district court's findings of fact for clear error and its legal conclusions de novo. See Kirkpatrick v. Whitley, 992 F.2d 491, 494 (5th Cir. 1993).

_____

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ansley contends that he received ineffective assistance of trial counsel because his attorney, William Goode, labored under a conflict of interest because of Goode's dual representation of Ansley and Ansley's codefendant, Kristi Barnes. Ansley contends that Goode arranged for Barnes to receive a probated sentence in exchange for Ansley's guilty plea.

The standard for judging ineffective assistance allegations in the context of multiple client representation is provided by Cuyler v. Sullivan, 446 U.S. 335 (1980). Under Cuyler, Ansley must establish that an actual conflict of interest adversely affected his lawyer's performance. Cuyler, 446 U.S. at 350.

Ansley argues that, under Holloway v. Arkansas, 435 U.S. 475 (1978), he is not required to show an adverse effect. Even under Holloway, however, Ansley must show as a preliminary matter that his attorney labored under an actual conflict of interest. See United States v. Medel, 592 F.2d 1305, 1310-11 & n.2 (5th Cir. 1979); see also United States v. Alvarez, 580 F.2d 1251, 1255 (5th Cir. 1978).

Ansley does not contend that there was probative evidence which could have been offered by counsel or an argument which could have been advanced by counsel which would have benefitted one of his clients at the expense of the other. See, e.g., United States v. Rico, 51 F.3d 495, 508 (5th Cir. 1995); Barrientos v. United States, 668 F.2d 838, 840-41 (5th Cir. 1982); Jones v. Henderson, 549 F.2d 995, 997 (5th Cir. 1977). Barnes pleaded guilty and was sentenced to a probated term of imprisonment prior to the entry of

Ansley's guilty plea.  If, as Ansley contends, Barnes's probation was contingent upon Ansley's guilty plea, Barnes would not have been permitted to enter a plea until after Ansley had pleaded guilty.

Most of Ansley's arguments go to the question whether the trial court had knowledge or constructive knowledge triggering its duty under <u>Holloway</u> to inquire whether the attorney's joint representation involve an actual conflict of interest.  Ansley contends that he need not show an actual conflict because the question whether there was a conflict was put squarely to the trial court in his motion to dismiss, but was ignored.  Ansley's argument is without merit.  The automatic reversal rule in <u>Holloway</u> is implicated only in cases involving an actual conflict.  <u>See</u> <u>Medel</u>, 592 F.2d at 1310; <u>see also</u> <u>Barrientos</u>, 668 F.2d at 840-41.  Because no actual conflict has been shown, the question whether the trial court had a duty to inquire into the existence of a conflict is "irrelevant."  <u>Medel</u>, 592 F.2d at 1312-13.

JUDGMENT AFFIRMED; MOTION DENIED AS MOOT.